WILLIAM MARSDEN *vs.* COMMONWEALTH.

Suffolk. March 28, 1967. — June 2, 1967.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & REARDON, JJ.

*Delinquent Child. Practice, Civil,* Delinquency proceeding, Assistance of counsel. *Constitutional Law,* Delinquent child, Assistance of counsel, Due process of law.

One, who, upon a complaint for being a stubborn child by his mother under G. L. c. 272, § 53, to which he said nothing, was adjudged a delinquent child under c. 119, §§ 52–64, by a District Court and committed to the Youth Service Board in 1965 when he was thirteen and one-half years old, indigent, and without counsel and had not been told of any right to counsel and had not waived counsel, was entitled, in a proceeding on writ of error decided by this court after the decision in May, 1967, in *Re Gault,* 387 U. S. 1, to have the determination of delinquency set aside and to have a new hearing in the District Court ordered since he had not been afforded the right to counsel to which he was entitled under the *Gault* decision.

PETITION for a writ of error filed in the Supreme Judicial Court for the county of Suffolk on December 28, 1966.

The case was reserved and reported by *Cutter, J.,* without decision.

The case was submitted on briefs.

*Ronald J. Chisholm & Howard J. Alperin* for the petitioner.

*Elliot L. Richardson,* Attorney General, *& Willie J. Davis,* Assistant Attorney General, for the Commonwealth.

CUTTER, J.  Marsden, a minor born in 1952, filed this petition for a writ of error to review his commitment as a delinquent to the Youth Service Board on September 2, 1965, upon a complaint under G. L. c. 272, § 53, in the Municipal Court of the Dorchester District.  The case was reserved without decision by the single justice upon the pleadings, the return of the Municipal Court, and a statement of agreed facts.  From this record the facts set forth below appear.

In 1964, Marsden was "seriously misbehaving."  He was a "chronic truant" and "his associates were in constant trouble."  The family conditions were bad.  His stepfather took little interest in his problems.  The complaint, originally brought in October, 1964, was continued without a finding for a year.

On September 2, 1965, after Marsden's mother had reported instances of his misbehavior to the probation officer, Marsden was brought before the Municipal Court.  There were present the judge, Marsden, a police officer, a probation officer, and Marsden's mother, the complainant.  The proceeding lasted ten minutes.  The probation officer reported to the judge what he had been told by Marsden's mother.  The boy, then thirteen and one-half years old and indigent, said nothing.  He had no counsel and did not waive counsel.  He was not told of any right to counsel. He was adjudged to be delinquent and was committed to the Youth Service Board.

Marsden was confined at the Lyman School for Boys from October 6, 1965, through March 21, 1966.  He was then paroled in his mother's custody.  On June 7, 1966, he was returned to the school for parole violations.  He re-

mained there until November 16, when he ran away with another boy. Together they had used a master's automobile without authority. They were soon apprehended.

Massachusetts Defenders Committee was appointed by the District Court of Natick to represent Marsden. Although the Natick case eventually was placed on file, the committee has continued to represent Marsden.

On December 19, 1966, the Youth Service Board gave counsel a hearing on the issue of Marsden's possible parole. Materially improved family conditions were shown, as well as an opportunity for part time employment for Marsden. The board refused parole. On January 17, 1967, the board transferred Marsden to the maximum security facility for juveniles at Bridgewater.[1]

Marsden contends first that, if he had been over seventeen years old and imprisoned under G. L. c. 272, § 53, or for any offence imposing a term of imprisonment, the sentence or commitment must be set aside. He relies upon *Gideon* v. *Wainwright*, 372 U. S. 335, and S. J. C. Rule 3 : 10.[2]

General Laws c. 119, §§ 52–64, contain the statutory provisions concerning the care, custody, and discipline of delinquent children. Section 53, set out in the margin,[3] shows that the Legislature has tried to keep such delinquency proceedings from being regarded as criminal in character. See *Commonwealth* v. *Page*, 339 Mass. 313, 316, holding that the constitutional requirement of a jury trial does not apply in such cases.

---

[1] On December 23, 1966, a district judge in the court at Dorchester refused to set aside the original finding of delinquency and order (of September 2, 1965) of commitment to the Youth Service Board, on the ground that he had no jurisdiction to grant the relief sought, even though it was on the ground that Marsden theretofore had not been represented by counsel.

[2] Effective June 1, 1967, former Rule 10 of our General Rules was thus renumbered.

[3] Section 53 provides that §§ 52–63 ''shall be liberally construed so that the care, custody and discipline of the children brought before the court shall approximate as nearly as possible that which they should receive from their parents, and that, as far as practicable, they shall be treated, not as criminals, but as children in need of aid, encouragement and guidance. Proceedings against children under said sections *shall not be deemed criminal proceedings*'' (emphasis supplied).

In a stubborn child proceeding, where a parent is the complainant, the child does not receive independent representation from his parent. Without counsel he must rely primarily for protection and assistance on the judge, who (see § 55, as amended) may appoint a suitable person to act for the child. On occasion, a social worker or a probation officer may be helpful (see § 57, as amended through St. 1966, c. 147). The question is whether such discretionary advice can be regarded as adequate.[4]

The procedure in juvenile proceedings, although simple in some respects, does permit an appeal (see c. 119, § 56) from a finding of delinquency. A child between thirteen and fourteen, unadvised, is not likely to have the knowledge to enable him to decide whether to claim such an appeal. A child of that age, also, may not be able to present the facts bearing upon his delinquency in a manner which appropriately represents his situation.[5]

Until the recent decision (May 15, 1967) in Re Gault, 387 U. S. 1, doubt existed concerning the extent to which various constitutional requirements, including the right to counsel, applied to delinquency proceedings against children. It, of course, would have been impossible for the judge in the Municipal Court in 1965 to have foreseen the Gault decision. Indeed, there may be areas in which it will have little practical effect in this Commonwealth for the Massachusetts statutes, already cited, make substantially greater provisions for the protection of children charged with delinquency than may be found in the Arizona statutes

---

[4] The matter is not specifically dealt with by S. J. C. Rule 3:10 (fn. 2), which (emphasis supplied) requires (a) advice concerning his right to counsel to each "defendant charged with a *crime*, for which a sentence of imprisonment may be imposed," and (b) the appointment of counsel if there is no specific waiver of counsel. The rule, as it now reads, clearly has primary reference to adult offenders. Of course, under the rule as well as under § 55, the court may exercise its inherent power to appoint counsel to represent an indigent defendant or other party in need of representation.

[5] In the case of an older child (one from fourteen to seventeen years old), representation by counsel also may be important, in some instances, to efforts to persuade the judge to retain the proceeding as a delinquency proceeding rather than to leave the complaint to be dealt with in the criminal courts. See c. 119, § 61.

considered in the *Gault* case. Nevertheless, the record shows that Marsden was not effectively afforded the right to counsel to which he was entitled under the *Gault* decision. See 387 U. S. 1, 34–42. He was not told of his right to counsel, had no counsel, and did not waive counsel. Upon his present petition, he is entitled to have the determination of delinquency set aside and to receive a new hearing in the Municipal Court of the Dorchester District.

We confine our decision to the issue of Marsden's right to counsel. A decision of that issue adequately disposes of this case. We do not now consider other constitutional questions discussed in the long *Gault* decision and in the separate opinions accompanying the principal opinion.

The determination of delinquency, the judgment before us for review, is reversed. The case is remanded to the Municipal Court of the Dorchester District for further proceedings.

*So ordered.*