John Wayne **KEMPLEN**, Appellant,

v.

**STATE OF MARYLAND**, Appellee.

No. 13290.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 7, 1969.

Decided May 22, 1970.

Rehearing Denied and Rehearing En Banc Denied July 10, 1970.

Alan D. Yarbro, and Joseph H. H. Kaplan, Baltimore, Md. (Court-assigned counsel), for appellant.

Alfred J. O'Ferrall, III, Asst. Atty. Gen. of Maryland (Francis B. Burch, Atty. Gen. of Maryland, on the brief), for appellee.

Before SOBELOFF, BOREMAN and CRAVEN, Circuit Judges.

CRAVEN, Circuit Judge:

The primary question presented by this appeal is whether a state may, in enforcing its criminal laws, elect to proceed against a juvenile as if he were an adult without his having counsel at the "waiver hearing" in the juvenile court. We think not, and reverse the decision of the district court denying habeas corpus relief to John Wayne Kemplen.

According to the petition, the petitioner was 17 years old at the time of his arrest on February 17, 1965. The next day he appeared, without counsel, before the Juvenile Court of Harford County, Maryland, for a determination of whether he should be tried as a juvenile or as an adult. Kemplen and his parents were present at this "waiver hearing." Kemplen was not, however, informed of any right to retain counsel for the hearing, nor was counsel appointed for him by the court. The juvenile court ordered its jurisdiction waived without making any specific findings of fact.[1] Petitioner

---

1. The juvenile court judge merely signed a form stating:

An investigation of the facts and circumstances presented in the above

was tried as an adult by the Circuit Court of Harford County on August 13, 1965, and was sentenced to two years' imprisonment in the Maryland Correctional Institution for larceny and malicious damage to property. Because of this conviction and his prior record, Kemplen was ordered to the Patuxent Institution by the trial court for psychological examination to determine whether he was a "defective delinquent." [2] Because Kemplen refused to cooperate in phychological testing at Patuxent, he remained there without committal long past the expiration of his sentence. He has now been released. Prior to release he sought habeas corpus relief in the state courts, and thereafter in the United States District Court.

In affirming a state trial court's rejection of Kemplen's application for state habeas corpus relief, the Maryland Court of Special Appeals assumed *arguendo* that In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), and Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), were applicable to Maryland's waiver of juvenile jurisdiction proceedings,[3] but held that these cases did not apply retroactively to Kemplen's 1965 hearing. Maryland v. Hance, 2 Md.App. 162, 233 A.2d 326 (1967). The United States District Court for the District of Maryland adopted the same approach in its order denying Kemplen's petition for a federal writ of habeas corpus. Kemplen v. State of Maryland, 295 F.Supp. 8 (D.Md.1969).

### MOONTNESS

Kemplen's petition for habeas corpus relief is not rendered moot by his belated release from custody. "[O]nce the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on such application." Carafas v. LaVallee, 391 U.S. 234, 238, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968). "The [habeas corpus] statute does not limit the relief that may be granted to discharge of the applicant from physical custody. Its mandate is broad with respect to the relief that may be granted. It provides that '[t]he court shall * * * dispose of the matter as law and justice require. 28 U.S.C. § 2243.'" *Id.* at 239, 88 S.Ct. at 1560. The petitioner is not required to bear the continuing stigma of an allegedly unlawful conviction simply because the legal remedy has been slow in coming. Because of the disabilities and burdens flowing from a conviction, petitioner still has "a substantial stake in the judgment of conviction," *Id.* at 237, 88 S.Ct. at 1559, that prevents this appeal from being moot.

We are informed by counsel that Kemplen, now 22 years of age, has been continuously employed since his release from Patuxent. He has undertaken to augment his scanty education through extensive reading and is characterized by his counsel as "articulate, polite, and terrified of any possibility of future incarceration." Even after release Kemplen urged counsel to pursue his appeal "in the hope that a favorable result would remove the conviction from his record." Thus, the result that we reach today will apparently mean something to the petitioner [4] and will be more than a mere exercise in judicial futility.

case, as well as an investigation of the previous record of the traverser having been made by the undersigned, it is ORDERED this 8th day of February, 1965 by the Juvenile Court of Harford County that jurisdiction of the above named traverser and the offense with which he is charged is hereby waived. * * *

2. Article 31B, Maryland Code Anno. (1957), authorizes indeterminate detention for certain adult sociopaths.

3. Maryland has recently adopted legislation that guarantees counsel to a juvenile at a waiver hearing. See, Art. 26 § 70 Maryland Code Anno. (1957), as amended (Supp.1969); Rule 918, Maryland Rules of Procedure (1969).

4. *Cf.* Hewett v. North Carolina, 415 F.2d 1316, 1325 (4th Cir. 1969) (Haynsworth, Chief Judge, concurring).

## WAIVER OF JUVENILE JURISDICTION: RIGHT TO COUNSEL AND TO NOTICE

Collateral to the right to counsel question is whether Kemplen was also entitled to reasonable notice of the offense charged and reasonable time to prepare for the "waiver hearing."

In deciding that Kemplen was not entitled to notice of the offense charged and to advice of counsel at his 1965 waiver hearing, the district court reasoned that if these rights were made applicable to such a proceeding by Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), and In re Gault, 387 U.S. 1, 87 S.Ct. 1428 (1967), they should not be applied retroactively. We disagree.

The Supreme Court stated in *Gault* that "neither the Fourteenth Amendment nor the Bill of Rights is for adults alone." *Gault, supra,* at 13, 87 S.Ct. at 1436. The factually precise holding of *Gault* is that a juvenile must be accorded full due process, including the rights to notice and counsel, at those proceedings by which it is determined whether he is "delinquent". However, "the language of that opinion [*Gault*] exhibits a spirit that transcends the specific issues there involved * * *." In re Urbasek, 38 Ill.2d 535, 232 N.E.2d 716, 719 (1967), quoted favorably in United States v. Costanzo, 395 F.2d 441, 444 (4th Cir. 1968). Indeed, the Court in *Gault* quoted at length from its opinion in Kent v. United States, *supra,* in order to emphasize the breadth of its intention to implement due process in juvenile proceedings. The *Kent* decision was based upon the "Juvenile Court Act [of the District of Columbia] and the decisions of the United States Court of Appeals for the District of Columbia Circuit," Kent v. United States, 383 U.S. at 556, 86 S.Ct. at 1055, and held that a juvenile was entitled to have counsel and other procedural safeguards at a waiver of jurisdiction hearing. That result was said to be "required by the statute read in the context of constitutional principles relating to due process and the assistance of counsel." *Id.* at 557, 86 S.Ct. at 1055. These significant references to *Kent* appear in *Gault*:

In Kent v. United States * * * we considered the requirements for a valid waiver of the "exclusive" jurisdiction of the Juvenile Court of the District of Columbia so that a juvenile could be tried in the adult criminal court of the District. Although our decision turned upon the language of the statute, we emphasized the necessity that "the basic requirements of due process and fairness" be satisfied in such proceedings. [383 U.S. at 553, 86 S.Ct. at 1053.] In re Gault, 387 U.S. at 12, 87 S.Ct. at 1436.

In Kent v. United States * * * we stated that the Juvenile Court Judge's exercise of the power of the state as *parens patriae* was not unlimited. We said that "the admonition to function in a 'parental' relationship is not an invitation to procedural arbitrariness." [383 U.S. at 555, 86 S.Ct. at 1054]. With respect to the waiver by the Juvenile Court to the adult court of jurisdiction over an offense committed by a youth, we said that "there is no place in our system of law for reaching a result of such tremendous consequences without ceremony—without hearing, without effective assistance of counsel, without a statement of reasons." [383 U.S. at 554, 86 S. Ct. at 1053.] We announced with respect to such waiver proceedings that while "We do not mean * * * to indicate that the hearing to be held must conform with all of the requirements of a criminal trial or even of the usual administrative hearing; but we do hold that the hearing must measure up to the essentials of due process and fair treatment." [383 U.S. at 562, 86 S.Ct. at 1057.] We reiterate this view * * * as a requirement which is part of the Due Process Clause of the Fourteenth Amendment of our

Constitution. In re Gault, 387 U.S. at 30, 31, 87 S.Ct. at 1445.

The child requires "the guiding hand of counsel at every step in the proceedings against him." [Powell v. Alabama, 287 U.S. 45, 69, 53 S.Ct. 55, 64, 77 L.Ed. 158 (1930).] Just as in Kent v. United States * * * we indicated our agreement with the United States Court of Appeals for the District of Columbia Circuit that the assistance of counsel is essential for purposes of waiver proceedings, so we hold now [as to Gault] that it is equally essential for the determination of delinquency * * *. In re Gault, 387 U.S. at 36, 87 S.Ct. at 1448.

■■ Thus the Supreme Court has taken broad language from *Kent* and apparently adopted its rationale for the decision of *Gault*. Whether *Gault* and *Kent*, taken together, form a constitutional imperative as to juvenile waiver proceedings is not self-evident.[5] However, *Kent* and *Gault* do make it unquestionably clear that juvenile court proceedings that affect a young person's substantial rights "must measure up to the essentials of due process and fair treatment," *Gault*, 387 U.S. at 30, 87 S.Ct. at 1445, in the same manner as

must criminal proceedings affecting the substantial rights of adults.[6] It is also clear that "appointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected." Mempa v. Rhay, 389 U.S. 128, 134, 88 S.Ct. 254, 257, 19 L.Ed.2d 336 (1967). We must consider Kemplen's claims in this context.

■ There is no proceeding for adults comparable directly to the juvenile jurisdiction waiver hearing. The waiver hearing is much more than a mere "preliminary hearing establishing probable cause for the initiation of further action."[7] It is true that under Maryland law the juvenile judge must determine that the child is charged with an act constituting a felony or a misdemeanor before he may waive jurisdiction to the adult courts;[8] however, he also determines much more. "[T]he judge, after full investigation, may in his discretion waive jurisdiction and order such child held for action under the regular procedure that would follow if such act or acts had been committed by an adult." Art. 26 § 54, Maryland Code Anno. (1957) repealed, Acts 1969, ch. 432 § 2.[9] By deciding the waiver issue, the juve-

---

5. *See, e. g.,* Stanley v. Peyton, 292 F.Supp. 209 (W.D.Va.1968); Cradle v. Peyton, 208 Va. 243, 156 S.E.2d 874 (1967); In re Harris, 67 Cal.2d 876, 64 Cal.Rptr. 319, 434 P.2d 615 (1967) (each holding that Kent is not of constitutional proportions and that Kent was not relied upon as authority for the Gault decision), and Smith v. Commonwealth, 412 S.W.2d 256 (Ky.1967) (treating Kent as a constitutional decision requiring retroactive application). Note, also, the Supreme Court's comment in In re Whittington, 391 U.S. 341, 88 S.Ct. 1507, 20 L.Ed.2d 625 (1968): "Upon such remand, the Ohio court may, of course, also consider the impact, if any, on the questions raised by petitioner of the intervening order of the Juvenile Court requiring him to face trial in the adult courts."

6. This court has held that a standard of proof for juveniles lesser than that required for conviction in an adult criminal proceeding violates the constitutional due

process requirement and that the constitutional rights of confrontation and cross-examination and the right against self-incrimination attach in a juvenile delinquency proceeding. United States v. Costanzo, 395 F.2d 441 (4th Cir. 1968). The United States Supreme Court has recently held that the Constitution requires application of the same standard of proof in both adult criminal proceedings and juvenile proceedings. In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

7. *Contra,* Kemplen v. Maryland, 295 F. Supp. 8, at 11 (D.Md.1969).

8. Superintendent of Maryland, etc. v. Calman, 203 Md. 414, 101 A.2d 207 (1953).

9. Maryland Statutes, at least until recently, provided that the juvenile courts shall have exclusive jurisdiction over those under the age of 18 years who have violated the criminal laws of the state or have en-

nile court determines whether the accused, if found guilty, will receive non-punitive rehabilitation as a juvenile from the state's social service agencies or [10] will be sentenced as an adult. The state argues that this is not a critical stage in the guilt determining process. But, it seems to us nothing can be more critical to the accused than determining *whether there will be a guilt determining process in an adult-type criminal trial.* The waiver proceeding can result in dire consequences indeed for the guilty accused.[11] If the juvenile court decides to keep jurisdiction, he can be detained only until he reaches majority. Art. 26 § 61, Maryland Code Anno. (1957) repealed, Acts 1969, ch. 432 § 2. But, if jurisdiction is waived to the adult court, the accused may be incarcerated for much longer, depending upon the gravity of the offense, and, if the offense be a felony, lose certain of his rights of citizenship.

For Kemplen, waiver proved to be a very critical stage in the proceedings against him. He received a two year active prison sentence rather than commitment to a training school for rehabilitation. Furthermore, his conviction as an adult triggered commitment proceedings against him under the Maryland Defective Delinquency Statute,[12] which authorizes indeterminate incarceration for certain sociopaths.

The Supreme Court has been careful to require that sentencing of convicted adult defendants be carried out in strictest compliance with Fourteenth Amendment due process requirements. In holding that the Sixth Amendment right to counsel extends to the sentencing in state court of a convicted adult offender and that sentencing is a critical stage in the criminal proceeding, the Court quoted from its decision in Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948): "In this case, counsel might not have changed the sentence, but he could have taken steps to see that the conviction and sentence were not predicated on misinformation or misreading of court records, a requirement of fair play which absence of counsel withheld from this prisoner. 334 U.S. at 741, 68 S.Ct. at 1255." Mempa v. Rhay, 389 U.S. 128, 133, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). This rationale applies no less to a waiver of juvenile jurisdiction that renders the juvenile susceptible to adult sentencing and which is more likely to be based on misinformation without counsel's presence. Counsel is of special importance at waiver proceedings because he can provide the juvenile judge with information about the child's background and prior record which may be otherwise unavailable in practice due to the tremendous load now carried by understaffed juvenile courts and social service agencies.[13]

gaged in certain other legally unacceptable conduct. Art. 26 §§ 52 and 53, Maryland Code Anno. (1957) repealed, Acts 1969, ch. 432 § 2.

10. "No adjudication by the juvenile judge upon the status of any child shall operate to impose any civil disabilities, nor shall any child be deemed a criminal by reason of such adjudication." Art. 26 § 61, Maryland Code Anno. (1957). Maryland juvenile statutes are aimed at the protection and rehabilitation of the child, not its punishment. Ex parte Cromwell, 232 Md. 305, 192 A.2d 775 (1963).

11. This view of the waiver procedure and its importance to the guilty juvenile demonstrates what seems to us the error of Acuna v. Baker, 418 F.2d 639 (10th Cir.,

1969), which held that a subsequent plea of guilty by the juvenile waives denial of his right to counsel at the waiver hearing.

12. Art. 31B, Maryland Code Anno. (1957). Article 31B Section 14, Maryland Code Anno. (1957), provides that Article 31 shall have no application to any person involved in a case before the juvenile court "unless the juvenile court judge shall have waived jurisdiction in the case so that it may be heard and adjudicated in a regular criminal court."

13. About one-third of the juvenile judges in the United States in 1965 had *no* probation or social work staff available and 80–90% had no psychologist. In re Gault, 387 U.S. at 14, 87 S.Ct. 1428, n. 14.

The statutory framework for dealing with juvenile offenders contemplates that those under the age of eighteen are to be treated as juveniles and that juvenile jurisdiction is to be waived only where the offender is found, by an exercise of sound judicial discretion based upon a thorough investigation, to be an unfit subject for juvenile rehabilitative measures.[14] Counsel for the accused presumably can marshal information favorable to his client and suggest to the court alternative schemes for rehabilitative disposition. "The child's advocate should search for a plan, or perhaps a range of plans, which may persuade the court that the welfare of the child and the safety of the community can be served without waiver." Haziel v. United States, 404 F.2d 1275 (D.C. Cir.1968) (interpreting Kent and the District of Columbia juvenile statute). "[I]n all cases children need advocates to speak for them and guard their interests, particularly when disposition decisions are made. It is the disposition stage at which the opportunity arises to offer individualized treatment plans and in which the danger inheres that the court's coercive power will be applied without adequate knowledge of the circumstances." Gault, 387 U.S. at 38, 87 S.Ct. at 1450, n. 65, quoting from the National Crime Commission Report.

■ The juvenile jurisdiction waiver proceeding may also be viewed as the only point in Kemplen's criminal proceeding where he could assert the "defense" that he was a juvenile when the offense was committed and that he was a proper subject for juvenile rehabilitative treatment. Juvenile status is, in effect, a basis upon which a youthful offender can plead diminished responsibility for his unlawful act. If he can show that juvenile jurisdiction should not be waived by the court, he is not subject to the usual adult penal sanctions. A criminal accused is entitled to counsel at any point in a criminal action at which he must assert a defense or lose its benefit. Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961). A juvenile facing possible waiver of juvenile jurisdiction is no less entitled to advice of counsel.

■ For the reasons stated, we hold that the Sixth Amendment, as applied to the states by the Fourteenth Amendment, requires that an accused be allowed to retain counsel to represent and advise him at a hearing concerning the waiver of juvenile jurisdiction over the accused or, if the accused be indigent, that counsel be appointed to there represent and advise him.

■ In order that child, parents, and counsel may have a reasonable opportunity to prepare the child's case as to waiver, due process demands that they be given adequate notice of the nature of the proceeding, its date, and the charges to be considered. See, e. g., Cole v. Arkansas, 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1948). Arrest on one day and waiver on the next, as in Kemplen's case, does not comport with this requirement. Under such circumstances, justice can be unconstitutionally swift. If the right to counsel insured by our holding above is to be of value, adequate notice must likewise be guaranteed. In re Gault, supra. We so hold.

### RETROACTIVITY

Since due process requires that a juvenile be given the right to counsel at a hearing concerning the waiver of juvenile jurisdiction and that he be given adequate notice of such a hearing, we must further decide whether this rule extrapolated from Kent and Gault should be applied retroactively[15] to petitioner,

14. The fundamental idea behind waiver provisions is that "there are * * * some youths who are not in a position to benefit from specialized treatment as youths. * * *" Cohen, The Standard of Proof in Juvenile Proceedings, 68 Mich.L.Rev. 567, 584 (1970).

15. On retroactivity of Kent and Gault, see, e. g., Heryford v. Parker, 396 F.2d 393 (10th Cir. 1968) (Gault retroactive); Stanley v. Peyton, 292 F.Supp. 209 (W. D.Va.1968) (Kent and Gault not retroactive); In re Harris, 67 Cal.2d 876, 64 Cal.Rptr. 319, 434 P.2d 615 (1967)

whose hearing took place prior to the announcement of those decisions.

Ever since Linkletter v. Walker, 381 U.S. 618, 629, 85 S.Ct. 1731, 1737, 14 L.Ed.2d 601 (1965) established that "the Constitution neither prohibits nor requires retrospective effect" for decisions expounding new constitutional rules affecting criminal trials, the Court has viewed the retroactivity or nonretroactivity of such decisions as a function of three considerations. As we most recently summarized them in Stovall v. Denno, 388 U.S. 293, 297, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199 (1967), "[T]he criteria guiding resolution of the question implicate (a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards."

Foremost among these factors is the purpose to be served by the new constitutional rule. Desist v. United States, 394 U.S. 244, 248, 89 S.Ct. 1030, 1033, 22 L.Ed.2d 248 (1969).

■ The constitutional amendment from which a procedural right is derived is not alone determinative. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); United States v. Miller, 406 F.2d 1100 (4th Cir. 1969). "Each constitutional rule of criminal procedure has its own distinct functions, its own background of precedent, and its own impact on the administration of justice, and the way in which these factors combine must inevitably vary with the dictate involved. Accordingly * * we must determine retroactivity 'in each case' by looking to the peculiar traits of the specific 'rule in question.'" Johnson v. New Jersey, 384 U.S. 719, 729, 86 S.Ct. 1772, 1778, 16 L.Ed.2d 882 (1966).

The rule that we announce today is not merely a prophylactic one designed to deter the authorities from unconstitutional actions in the future. Compare, Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030 (1969) (eavesdrop evidence exclusion not retroactive); Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966) (*Miranda* and *Escobedo* not retroactive); Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965) (*Mapp* exclusionary rule concerning illegally seized evidence not retroactive). Nor is it a rule for application to extra-judicial events that "can be and often have been conducted in the absence of counsel with scrupulous fairness and without prejudice to the accused * * *." Stovall v. Denno, 388 U.S. 293, 299, 87 S.Ct. 1967, 1971 (1967) (right to counsel at lineup not retroactive). Rather, it is a rule to insure the fundamental fairness of the process by which juvenile jurisdiction over a youthful offender is retained or waived. We think that presence of counsel at the waiver hearing is essential to the fairness of that process. Neither juvenile judge, nor probation officer, nor parent is an adequate substitute for a trained attorney whose duty it is to marshal all the facts favorable to rehabilitative treatment as a juvenile. In re Gault, *supra*. There is a very real danger in any waiver proceeding that, without the presence of counsel for the accused, juvenile jurisdiction will be waived on the basis of unreliable or untrue information. "The right to counsel at the trial (Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799) (1963), on appeal (Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 114) (1963), and at the other 'critical' stages of the criminal proceedings, (Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114) (1961) have all been made retroactive, since the

(Gault not retroactive); Cradle v. Peyton, 208 Va. 243, 156 S.E.2d 874 (1967) (Gault not retroactive); Marsden v. Commonwealth, 352 Mass. 564, 227 N.E.

2d 1 (1967) (Gault retroactive); Smith v. Commonwealth, 412 S.W.2d 256 (Ky. 1967) (Kent applicable to the states and retroactive).

'denial' of the right must almost invariably deny a fair trial'." Arsenault v. Massachusetts, 393 U.S. 5, 89 S.Ct. 35, 21 L.Ed.2d 5 (1968). As we have noted, the waiver proceeding is indeed a "critical" point in the criminal proceedings against a juvenile. It can be viewed as a hearing to determine what course, juvenile or adult, the disposition of a guilty youthful offender is to take or as a hearing constituting the only opportunity an accused has to plead the defense of his diminished responsibility as a juvenile. The Supreme Court has ruled that for adults the right to counsel at similar hearings in retroactive. McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968) (right to counsel at sentencing retroactive); Arsenault v. Massachusetts, 393 U.S. 5, 89 S.Ct. 35 (1968) (right to counsel at preliminary hearing, where defenses must be pleaded or forfeited, retroactive). The teaching of *Gault* demands that no less be required for juveniles. Thus, the "foremost" criterion set forth by the Supreme Court for the determination of prospectivity or retroactivity here militates in favor of retroactivity.

The second criterion is the extent of "reliance" upon the old rule or practice by the juvenile and law enforcement authorities. It is true that counsel have seldom been allowed, much less appointed, to represent juveniles in proceedings before the juvenile courts. See In re Gault, *supra*. Nevertheless, because the Fourteenth Amendment, the constitutional basis for *Gideon* and its progeny, uses the word "person" and not the word "adult," the coming of *Gault* should not have been unforeseeable.[16] It is also important to note that great reliance had been placed as well upon the now defunct practice allowing critical adult criminal proceedings to proceed without counsel where the defendant could obtain none. Long standing reliance is clearly not enough to overbalance the individual's right to counsel at a critical point in a criminal action against him.

The third consideration is the disruption which a holding of retroactivity is likely to visit upon the administration of justice. We do not believe that a holding of retroactivity here would be so disruptive as to require us to ignore the plight of those now in adult prison systems who may have never been proper subjects for such incarceration but whose statutory right to be treated as juveniles may have been ignored because they lacked an effective advocate. We have not been advised of the probable number of young persons serving adult sentences who were without counsel when juvenile jurisdiction over them was waived. Whatever their number, it is small indeed compared to the number of those to whom Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792 (1963), accorded relief. Nor does it appear that the extreme remedy of *Gideon* (a new trial) is the only possible relief for the juvenile who was unconstitutionally put over to the adult criminal court. The district courts may fashion various remedies to suit the procedures of the various states within the circuit and to fit the facts of particular cases. Some solutions have been suggested by the Supreme Court in Kent v. United States, *supra*. Others, not inconsistent with *Kent*, may be devised by the district judges.

▇ Having applied the criteria set forth by the Supreme Court, we hold that the rule inherent in *In re Gault* guaranteeing to juveniles the right to notice and to counsel at waiver of juvenile jurisdiction hearings will be applied retroactively to John Wayne Kemplen's waiver hearing.

The decision of the district court is reversed and the case is remanded to that court for findings of fact. If the facts are found to be as alleged, that Kemplen was not represented by counsel at his waiver hearing or that notice of that hearing was inadequate, then the district court will proceed to fashion relief not

---

16. See the remarks of Dean Monrad G. Paulsen of the University of Virginia School of Law as reported at 6 Cr.L. 2173 (1969).

inconsistent with that ordered in Kent v. United States, *supra.*

Reversed and remanded.

### ON PETITION FOR REHEARING

■ Although we think Maryland's petition for rehearing should be denied, we are not unsympathetic with the expressed perplexity of her attorney general regarding the proper remedy on remand. We adhere to our decision that the right to counsel in a juvenile waiver proceeding must be accorded retroactivity. Without delimiting the range of remedies left open by Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), we think the proper remedy for this petitioner, on the facts of this case, will be the reconstruction in the Maryland courts, or failing that in the United States District Court, of the circumstances bearing on the waiver question and a determination *nunc pro tunc* or what the juvenile court judge would probably have done in light of all the information then available that might reasonably have been proffered by competent counsel.

■ If Kemplen was not represented by counsel at his waiver hearing, or if notice of that hearing was inadequate, or both, these factors alone will not entitle him to relief from his conviction. But either one will entitle him to a de novo determination of whether, "waiver was appropriate." *Kent, supra,* at 565, 86 S.Ct. 1045. If the court finds that waiver was inappropriate, Kemplen's conviction must be vacated. He may not be tried again because he has served his full adult sentence and is over 21. If it finds that the waiver order was appropriate when made, despite lack of counsel and/or lack of proper notice his adult conviction will stand and relief will be denied.

Upon poll of the court on the suggestion for rehearing en banc, Judge Bryan voted in favor and the other members of the court voted against.

The petition for rehearing, and for rehearing en banc, is denied.