## GUY WAYNE VERNON *v.* DIRECTOR, PATUXENT INSTITUTION

[App. No. 62, September Term, 1971.]

*Decided September 28, 1971.*

Before MURPHY, C. J., and MORTON and ORTH, JJ.

ORTH, J., delivered the opinion of the Court.

Guy Wayne Vernon pleaded guilty on 11 February 1969 to various counts under three indictments charging non-capital offenses which came on for trial in the Circuit Court for Montgomery County. The pleas were accepted and guilty verdicts entered. Sentences were imposed. No direct appeal was filed. Subsequently he made a

collateral attack on the judgments under post conviction procedure and relief was denied by order of 2 January 1970 of Moorman, J., presiding in the Circuit Court for Montgomery County. We denied his application for leave to appeal on the merits with respect to the allegations of error relating to the voluntariness of the pleas of guilty and the punishment imposed. We noted that allegations raised for the first time in his application for leave to appeal, including those regarding his right to a direct appeal and his counsel's obligation in connection therewith under Maryland Rule 719 b 6 were not properly before us, but could be presented by another post conviction proceeding provided he overcame the presumption of waiver. *Vernon v. Director*, No. 198, September Term, 1969, filed 9 March 1970, unreported.

On 11 May 1971 Vernon filed what seems to be his third petition for relief under post conviction procedures in the Circuit Court for Montgomery County.[1] In it he alleges that he was 16 years of age at the time of the commission of the crimes of which he was convicted, that juvenile jurisdiction of him was waived in November 1968 by the Montgomery County Juvenile Court but that the waiver was illegal because he was not afforded the assistance of counsel. He relies on *Kemplen v. Maryland*, 428 F. 2d 169 (4th cir.) 1970, one of the holdings of which insured juveniles the right to counsel at waiver hearings under the rule in *In Re Gault*, 387 U. S. 1, decided 15 May 1967, as interpreted by the Court in the light of *Kent v. United States*, 383 U. S. 541, decided 21 May 1966. The petition was summarily disposed of by Shure, J. in a letter to Vernon dated 19 May 1971. "This matter has previously been before the Court and on January 5, 1970, your Petition for Post Conviction Relief was dismissed by Judge Walter Moorman." Vernon

---

1. In a letter to Vernon, see *infra*, *Shure*, J. states that an additional application for Post Conviction Relief was filed on 1 June 1970 (Misc. Petition No. 4224) and that relief was denied on 2 September 1970 by Mathias, J. who stated the applicant "raised no new points in the new Petition." No other reference to this second petition appears in the record before us.

replied that he did not understand the full purpose of the letter. "If your letter be a denial, then may I bring to your attention Maryland Rule BK 45 (B) and (D); if not, I expect the Court to proceed according to the Maryland Rules and the Law." He explained that his petition raised the issues presented in *Kemplen*, pointing out, correctly, that the *Gault* rule in counsel and notice at waiver hearings were designated in the opinion to apply retroactively.[2] He asked for appointment of counsel and a hearing. Shure, J. replied under date of 16 June 1971. He referred again to the proceedings under the first petition and observed that Rule BK 45 had been complied with by Judge Moorman. "You have already had your hearing on Post Conviction Relief and that case went to the Court of Special Appeals as I have indicated. Any additional hearing would have to be limited to the assertion of noncompliance with Rule 719 b. 6." Vernon applied for leave to appeal.

There is no statutory restriction on the number of petitions which may be filed under post conviction procedures, although, subject to subsection (d) of § 645 A, Art. 27, Md. Code, an allegation of error may be deemed to be finally litigated, subsection (b) or to have been waived, subsection (c). See also Rule BK48 (a) and (b). The allegation as to absence of counsel at a hearing on waiver of juvenile jurisdiction has not here been finally litigated. Whether it may be deemed to have been waived depends upon whether Vernon can show special circumstances to excuse the failure to raise it previously. The opinion in *Kemplen* was filed 22 May 1970 and although not binding on this Court, is, of course, entitled to respect. See Code, Art. 27, § 645 A (d).

We think that Vernon, with the assistance of counsel, is entitled to be heard on his petition of 11 May 1971. The question he presented therein was whether he was entitled to the assistance of counsel at a post *Gault-Kent* juvenile waiver hearing. The United States Court of Ap-

---

2. Compare *State v. Hance*, 2 Md. App. 162; *Hammer v. State*, 3 Md. App. 96. See *Johnson v. State*, 3 Md. App. 105.

peals for the Fourth Circuit made its position clear in *Kemplen.* In *Hammer v. State, supra,* at 112-113 we assumed but did not decide that the *Gault* rulings applied to waiver hearings in juvenile proceedings.[3] If Vernon establishes that he was a juvenile as he alleges and that a hearing in which juvenile jurisdiction over him was waived was conducted in the absence of counsel, he is entitled to have the question determined unless it may be deemed to have been waived by him. After the hearing the lower court shall make such order as justice may require, Rule BK 45 (a), accompanied by a memorandum in accordance with Rule BK 45 (b).

> *Application granted; case remanded for further proceedings in accordance with this opinion.*

---

3. See Code, Art. 26, § 70-18 (d) which provides that a party is entitled to representation by legal counsel at all stages of any juvenile cause proceeding. It became effective 1 July 1969 except in Baltimore City and Montgomery County. Section 5, ch. 432, Acts 1969. As to juvenile causes in Montgomery County see Code, Art. 26, §§ 72-90. As to waiver of juvenile jurisdiction in that County see § 76 (h).