**Robert N. HAYES, Jr.**

v.

**Marvin MANDEL, Governor of Maryland.**

**Civ. A. No. 70–1148–W.**

United States District Court, D. Maryland.

Nov. 7, 1973.

J. Thomas Caskey and Thomas J. S. Waxter, Jr., Baltimore, Md., for petitioner.

WATKINS, Senior District Judge:

Petitioner, formerly a patient at Patuxent Institution, originally attacked the constitutionality of Section 2 of Ar-

---

ticle I of the Maryland Constitution, providing in part that:

"No person above the age of twenty-one years, convicted of larceny or other infamous crime, unless pardoned by the Governor, shall ever thereafter be entitled to vote at any election in this State * * *".[1]

Petitioner's first petition was dismissed for failure to show any standing to sue. In his amended petition, he alleged that he was a registered voter and taxpayer. However, the petition was again dismissed by this Court on February 1, 1971, on the grounds that the questioned provision of the Maryland Constitution was valid and from that decision Hayes took an appeal.

The Court of Appeals for the Fourth Circuit reversed, Hayes v. Mandel, Civil No. 71–1202 (4 Cir. filed Dec. 8, 1971), stating:

"Because this action raises difficult legal issues as to the validity of the challenged laws both facially and as applied to petitioner, it is apparent that, without the assistance of counsel petitioner is seriously hindered in presenting his claim adequately. We therefore vacate the dismissal of the complaint and remand the action to the District Court with instructions to appoint counsel to assist petitioner to amend his pleadings and present his case so that full consideration may be given to the substantiality of his cause of action."

On May 1, 1972, the case on remand was again dismissed,[2] the Court finding the provision of the Maryland Constitution in question to be constitutional, and, further, that the Petitioner had committed such crimes as would qualify for disenfranchisement under the questioned provision.[3]

Thereafter, on May 7, 1972, the Petitioner filed a "Request for Reconsideration". In that request Petitioner asserted that "the record in my case was

---

1. This section was amended in November, 1972 to read: "The General Assembly by law may regulate or prohibit the right to vote of a person convicted of infamous or other serious crime or under care or guardianship for mental disability." Maryland Constitution, Article I, Section 2. Since the General Assembly has chosen to prohibit those "convicted of larceny or other infamous crime" from voting, the amendment does not affect the instant case. Maryland Code, Article 33, Section 3–4 (1972 Cum. Supp.).

2. As pointed out in the earlier order, inquiry led the undersigned to the understanding that the Court of Appeals' reference to the appointment of counsel was for the purpose of determining whether or not Petitioner had been convicted of "larceny or other infamous crime." His criminal record apparently unmistakably establishing that he had been, the appointment of counsel then appeared to be useless.

3. This list of convictions as they appeared in that order are the following:

JUVENILE HISTORY

| Date | Found delinquent because of: | Disposition |
|---|---|---|
| 1951 | Breaking and entering—removing mail. | Probation |
| 1951 | Violation of probation. | Committed to Boys' Village |
| 1953 | Ungovernable and beyond parental control. | Committed to Boys' Village |

ADULT RECORD

| Date | Convicted of: | Sentence |
|---|---|---|
| 1954 | Robbery and assault with attempt to rob. | 7 years |
| 1958 | Escape. | 6 months |
| 1964 | Forgery and possession of deadly weapon. | 18 months |
| 1966 | Storehouse breaking. | 6 years |

deplete".[4] In reaching this conclusion, Petitioner also attacked the propriety of any use of the juvenile record. However, apart from setting out *all* of Petitioner's criminal involvements in the May 1, 1972 Memorandum Opinion and Order, no reliance was placed on his juvenile record in finding that Petitioner had committed an "infamous crime". Next, Petitioner asserted that he "was not found guilty of forgery and possession of a deadly weapon". Since this assertion is specifically traversed by the official record, in a "Memorandum and Order on Request for Reconsideration" filed on May 30, 1972, Petitioner was ordered to admit or controvert under oath the correctness of these records on the point in issue. Petitioner himself responded to that Order in a pleading entitled "Rebuttal to Memorandum and Order on Request for Reconsideration" which response is the subject of this Memorandum Opinion and Order.

## I

▮▮▮ Petitioner now is represented by very able counsel.

In his response to the May 30, 1972 Order, Petitioner attacks, inter alia, the propriety of the use of his 1954 conviction for robbery and assault with intent to rob for purposes of determining voting qualifications under Maryland law since it is his position that the conviction was obtained in derogation of his constituitonal rights. However, in the May 30, 1972 Order, the undersigned, rather than probe Petitioner's assertions in his petition that he was not convicted *as an adult* in 1954 for robbery and assault with intent to rob, expressly found it unnecessary at that time to consider that conviction, by concluding that Petitioner had been properly denied the right to vote.

This determination was based on the belief that, although no Maryland case was directly on point, one or more of Petitioner's *other* adult convictions were within the class of "larceny or other infamous crime", thereby rendering Petitioner properly disenfranchised.

As to this latter conclusion, Petitioner in his last petition, without objection to the finding that Section 2 of Article I of the Maryland Constitution, quoted above, is constitutional, questioned, for the first time, this Court's determination that the utilized adult crimes were within the class of "larceny or other infamous crime" under Maryland law.

Despite Petitioner's objections to that decision, there is no occasion at this time either to disturb this Court's conclusion or to pursue Petitioner's objections with respect to it. Since Petitioner now evidently concedes that he was convicted, although he contends improperly, of robbery *as an adult*, and that the crime of robbery under Maryland law is within the class of "larceny or other infamous crime", regardless of the prior decision, the Court additionally concludes on these facts that Petitioner has not been unconstitutionally denied the right to vote. Assuming, arguendo, that Petitioner has been improperly convicted, it is not appropriate for Petitioner to seek relief in this Court from the denial of his voting rights until, as more fully set out below, he has first exhausted his state remedies with respect to his alleged claim of being unconstitutionally convicted. Therefore, this petition must be dismissed.

## II

Petitioner's counsel have amplified Petitioner's attack on the state's use of the 1954 robbery conviction. According to

---

4. Before the May 1, 1972 decision of this Court, Petitioner was "ordered to admit or deny under oath, within twenty-three (23) days the correctness of this statement of his official record" as set out in footnote number 3. No answer was filed with this office or the Clerk of the Court and, therefore, the "official record" of convictions was accepted as true. In the "Request for Recon-

sideration" he stated "it appeared from the opinion that the record in my case was deplete and that my reply to your court order . . . was not received or was make apart [sic] of your decision". However, later in the letter the Petitioner stated that, for reasons he there listed, he did not respond to the Order.

Petitioner's counsel, and argued by Petitioner in his petition and sworn to in his affidavit:

> The Petitioner did receive a waiver hearing on his charges of robbery and assault with intent to rob. It is the contention, under oath, here of the Petitioner that he was not informed of his right to counsel at the time of either waiver, nor did he in fact have counsel when either waiver took place.

Thus, Petitioner would have this Court rule that he had been convicted unconstitutionally in light of Kemplen v. Maryland, 428 F.2d 169 (4 Cir. 1970).[5]

Counsel anticipates the Court's reaction to this argument (as discussed below, that he first seek his state remedy) by adding that:

> In the present case, this Petitioner seeks even less relief than did Kemplen. He seeks not to remove the convictions from his record but merely to prevent these convictions, obtained when he was barely fifteen years old, without any semblance of a proper waiver hearing, from depriving him of his right as an American adult, to vote.

> The Petitioner urges that now, after the passage of nineteen years, that it would be impossible to reconstruct the circumstances surrounding his waiver hearing in 1954. He therefore asks that this Court simply refuse to consider the convictions for robbery, assault with intent to rob and escape, all of which are invalid under *Kemplen*, in ruling upon the Petitioner's request for relief.

In effect, Petitioner would have this Court nullify a collateral legal consequence of his conviction on the ground that the conviction was obtained unconstitutionally, without disturbing the conviction itself. The Petitioner correctly recognizes that this Court would require Petitioner to seek out his state remedy regarding the constitutionality of the conviction before seeking federal relief where, as here, the relief sought is essentially in the nature of habeas corpus. 28 U.S.C. § 2254(b), (c). Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). He attempts, by the above language, to avoid this disposition, but this Court finds the attempt to be without merit. To differentiate between an attack on the constitutionality of the conviction and an attack on its collateral legal consequences based on an attack on the constitutionality of the conviction is too insubstantial to overcome the important considerations of comity and federalism underlying the requirement of exhaustion. *See* Preiser v. Rodriguez, *supra*.

■ Furthermore, in order for Petitioner to be entitled to the relief sought he must (1) be qualified to vote and (2) be unconstitutionally deprived of his right. As the record stands, Petitioner is not qualified to vote as a result of the outstanding robbery conviction (as noted above, Petitioner concedes that if the 1954 conviction is valid he is properly disenfranchised). In order to become qualified, Petitioner must have this disqualifying impediment removed. Thus, the Court is called upon to render a ruling on the constitutionality of the conviction. The resolution of the issue of the constitutionality of this conviction presents an issue of highly unsettled law in Maryland. Compare *Kemplen, supra* and Franklin v. State, 264 Md. 62, 285 A.2d 616 (1971). As a result, the exhaustion doctrine assumes practical significance and causes this Court to hesitate before usurping the State's opportunity to resolve such a question of state law.

■ Assuming, without deciding, that Petitioner's argument regarding

---

5. *Kemplen* held that under the Sixth and Fourteenth Amendments an accused was entitled to be represented by counsel at a juvenile jurisdiction waiver hearing.

the waiver is meritorious and entitled to state relief, or if unsuccessful there, federal relief rendering the conviction invalid, it remains unclear whether the conviction would be removed entirely or the underlying case retried. This question is for the Maryland courts to decide.

Even if we assume that Petitioner will be successful in removing the conviction from his record, he must still fulfill the second requirement for the federal relief he seeks, i. e., that he be unconstitutionally deprived of his right to vote. This Court is asked to anticipate an adverse ruling on such an application to register to vote. In the present posture of the case, the State has not unconstitutionally deprived him of his right to vote since he has a disqualifying conviction (constitutionally obtained or not) on his record. He must seek the relief discussed above on the robbery conviction and then, if successful, apply to register based on his new qualifications. At that point, if denied his right, he may seek federal assistance.

### III

It is important to note that this Court is *not* invoking the exhaustion doctrine in a civil rights claim. The dismissal of this claim is on the merits. From Petitioner's own pleadings it is admitted that as his record now stands he is not entitled to vote in Maryland. The above discussion of exhaustion is limited only to the attack on the conviction, an attack properly considered in the nature of habeas corpus and subject to the exhaustion prerequisite, despite being couched in terms of a civil rights complaint. Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

If Petitioner were allowed to avoid the exhaustion requirement as he here attempts to do, he could serially attack one or a small cluster of collateral legal consequences of his conviction by setting up his constitutional claims regarding the conviction via 42 U.S.C. § 1983, and effectively render nugatory a conviction without ever setting foot in a state court. This result would seriously subvert the comity considerations sought to be protected by the exhaustion requirements of 28 U.S.C. § 2254(b), (c) which underlie our federal judicial system.

### IV.

Several other convictions on Petitioner's record are disputed in the latest pleading as not being "infamous". Were Petitioner to pursue this line of attack, should he be successful in removing the robbery conviction, this Court feels that such a question might be appropriate for certification to the Maryland Court of Appeals, Maryland Code, Article 26 § 161 (1973 Replacement Volume), since this procedure was not available when the May 1, 1972, decision was written and since the question is one solely of Maryland law upon which no controlling precedent has been found. Whether or not certification is appropriate need not now be decided since this petition is being dismissed for the other reasons stated above. However, Petitioner would be well advised to keep in mind that were this Court to respond to these assertions, certification might be deemed proper and the Petitioner can avoid unnecessary delay by seeking his relief directly in the state courts at one time and on all questions.

For the reasons hereinabove stated this petition is dismissed.

Leave to file in forma pauperis has heretofore been granted.