Ronald Lee LONG, a minor, by Lewis Daniel Long, his father and next friend, and James Brooks, Jr., a minor, by Lillian Brooks, his mother and next friend, individually and on behalf of all other minor children similarly situated, Robert D. Neal, minor, by Annie Neal, his mother and next friend, Appellees,

v.

Honorable Jerome ROBINSON, Associate Judge, Municipal Court of Baltimore City and State of Maryland, Appellants.

No. 15033.

United States Court of Appeals, Fourth Circuit.

Argued Sept. 17, 1970.

Decided Jan. 18, 1971.

Alfred J. O'Ferrall, III, Asst. Atty. Gen. (Francis B. Burch, Atty. Gen., of Maryland, Edward F. Borgerding, and Robert A. DiCicco, Asst. Attys. Gen., on the brief) for appellants.

Joseph A. Matera, Baltimore, Md., (Michael Millemann, Baltimore, Md., on the brief) for appellees Ronald Lee Long and James Brooks, Jr., Peter S. Smith, Edwin Villmoare, and Piper & Marbury, Baltimore, Md. (on the brief) for appellee-intervenor Robert D. Neal.

Before BOREMAN, BRYAN and CRAVEN, Circuit Judges.

BOREMAN, Circuit Judge:

The named plaintiffs below (appellees here), who were sixteen years of age at the time of the institution of this litigation, were facing prosecution as adults in Baltimore City for crimes allegedly committed therein. Their complaint requested a declaratory judgment declaring unconstitutional the provisions of Article 4, section 240(b), of the Charter and Public Local Laws of Baltimore City which fixed a juvenile age limit of sixteen years, and that portion of Article 26, sections 51–71, of the Maryland Code of Public and General Laws, exempting Baltimore City from the general statewide juvenile age limit of eighteen years. In addition, the complaint requested an injunction enjoining defendants below (appellants here) from enforcing these laws and an order requiring defendants to expunge all records relating to the arrest of, and criminal charges in Baltimore City against, plaintiffs and the class they represent.

The plaintiffs, by next friends, sued on their own behalf and on behalf of persons similarly situated between the ages of sixteen and eighteen who have been and/or may be charged as adults in Baltimore City for violations of criminal laws and who would have been treated as juveniles under the age of eighteen if charged with similar crimes allegedly committed outside the City of Baltimore. Plaintiffs assert that since persons sixteen and seventeen years old are treated as juveniles in all circuit courts in Maryland except Baltimore City and since plaintiffs are here charged as adults in Baltimore City with the commission of offenses which would come within the jurisdiction of juvenile courts if committed by them in Maryland outside of Baltimore City, they, plaintiffs, are being denied their constitutional rights to equal protection and due process of law under the Fourteenth Amendment.

The district court declared that the laws under attack are unconstitu-

tional. However, the prayer for an injunction was denied upon the assumption that the decision of the court would be followed unless and until reversed on appeal and that no order of restraint was needed. We affirm the holding of unconstitutionality of the laws in question [1] on the opinion of the district court reported at 316 F.Supp. 22 (D. Md.1970).

The remaining question for determination is as to the persons to whom this decision should apply. The district court limited the applicability of its decision to "all cases not finally decided on May 15, 1969, the date of the filing of this suit." In footnote 8 of its opinion, the court explained that "a case is 'finally decided' when the time for direct appeal expires without appeal having been taken, or if direct appeal has been taken and decision rendered, the date on which certiorari was denied or on which the time to apply for certiorari expired without such an application having been made." Both plaintiffs and defendants challenge the court's adoption of this date. Defendants insist that the decision should be applied prospectively only, i. e., to cases handled after the date of final decision by this court. Plaintiffs argue that the decision should be made retroactively applicable to the time when a disparity was created in juvenile ages as between Baltimore City and the rest of the State of Maryland.[2]

Although the district court used the term "Retroactivity" to designate the section of its opinion in which it determined the effective date of the decision as May 15, 1969, we think the issue is simply: what persons are proper members of the class entitled to representation by plaintiffs?

As earlier shown herein, in their complaint plaintiffs sought: (1) a preliminary and permanent injunction prohibiting, restraining and enjoining application of the laws under attack; (2) a declaratory judgment declaring unconstitutional the laws in question; and (3) an order requiring defendants to expunge all records relating to the arrest of plaintiffs and the class they represent and records relating to criminal charges against them, *as adults*, in Baltimore

1. Subsequent to the presentation of oral arguments we were advised by letter signed by counsel for all parties as follows:

   When this case was originally filed in the United States District Court on May 15, 1969, the plaintiffs challenged the constitutionality of portions of two laws: (1) The provisions of the Maryland Juvenile Causes Act, Annotated Code of Maryland, Article 26, § 51 *et seq.*, which exempt Baltimore City from the uniform juvenile age requirement of eighteen years; (2) The provisions of Article 4, § 240 of the Public Local Laws of Baltimore City * * * excluding sixteen and seventeen year olds in Baltimore City from the scope of the state Juvenile Causes Act. A recent examination of the latter statute (Art. 4, § 240 of the Public Local Laws) has revealed that the Maryland Legislature enacted a law in 1966 (Laws of 1966, Chapter 127) which, *inter alia*, repealed Article 4, Section 240 of the Public Local Laws of Baltimore City. The 1966 repealer provided in Section 5 thereof that "This Act shall take effect on June 1, 1969."

   Thus, on the date of the institution of this litigation, and for a period of about fifteen days thereafter, Article 4, section 240, was in effect, but not in effect on the date of the district court's decision.
   All counsel agree that the fact that Article 4, section 240, of the Public Local Laws of Baltimore City, is not presently in effect has no bearing on the disposition of this appeal since the major statute involved in this litigation, namely Maryland Annotated Code, Article 26, sections 51–71, is admittedly in full force.

2. The Charter and Public Local Laws of Baltimore City, art. 4, § 240(b), defined a child as a person under the age of sixteen; the act conferring jurisdiction of Juvenile Causes on the Circuit Court of Baltimore City was passed by the Maryland Legislature in 1943 (Laws of 1943, ch. 118). In 1945, the Maryland Legislature, by Public General Law [Laws of 1945, ch. 797, § 48C], fixed the juvenile age limit at eighteen years statewide, except in certain exempted metropolitan areas. All of the "exempted" areas, other than Baltimore City, now have a juvenile age limit of eighteen years.

City. The district court declared the challenged laws unconstitutional but, instead of issuing an injunction and an expunging order, relied upon the good faith of defendants to refrain from applying the unconstitutional juvenile laws and upon counsel to formulate and adopt a suitable method of expunging records where appropriate.

It is apparent that the district court, notwithstanding its "Retroactivity" characterization, was aware that this case involves not merely one class, but two separate and distinct classes, *i. e.*, persons whose convictions had become final and those whose convictions had not become final.

■ We think it is clear that, in class actions involving a challenge to substantive or procedural questions of criminal law, one whose conviction has not become final may not properly claim to represent, as a class, those whose convictions have become final as is here attempted. The members of these two distinct classes stand in different positions and must necessarily seek different remedies; their claims for relief will be addressed to different officials serving in different capacities and will be subject to different defenses. Normally, those whose convictions have become "final" have served their sentences, are on probation or are presently incarcerated. Those who are presently incarcerated may use the civil process of habeas corpus to seek their release from the custody of prison officials. Those whose convictions have become final must seek wholly retrospective relief, *i. e.*, a determination that the declaratory judgment of unconstitutionality is to be applied retroactively to strike down their final convictions and to erase and destroy the records of their convictions as adults. Those whose convictions have not become final stand in a much different position; rather than seeking retrospective relief their remedy is present and, to some extent, prospective in nature, that is, they seek to prevent their prosecution as adults or a final determination of their guilt, as adults, upon appeal. For example, in the instant case, those whose convictions had not become final when this action was instituted could direct their claims for relief to the proper judicial officers to prevent their prosecution as adults or to appellate courts to forestall a final determination of guilt as adults upon appeal. The defense of nonretroactivity obviously could not be interposed by officials who are defendants in an action instituted on behalf of those whose convictions have not become final, as it could be by officials named as defendants in an action instituted on behalf of those whose convictions had become final. The instant case bears no factual similarity to Jenkins v. United Gas Corporation, 400 F.2d 28, 35 (5 Cir. 1968), but apposite is the statement in *Jenkins* that a court in a class action has the duty and the power "both in the conduct of the trial and relief granted to treat common things in common and to distinguish the distinguishable."

■ We reach the conclusion that to permit those whose convictions have not become final to represent, as a class, those whose convictions have become final would, in effect, interfere with the court's power to decide that a declaratory judgment of unconstitutionality of a criminal law or procedure should be given prospective application only. This is so simply because relief granted to a class must be granted to all proper members of the class. If the court should determine that members of a class whose convictions have become final are properly represented by one whose conviction has not become final, and if the court granted relief *to the class*, then relief must necessarily be granted to those whose convictions had become final, thereby effectively precluding the courts from deciding any question of nonretroactive application. Otherwise, actions challenging the constitutionality of criminal statutes would be brought routinely as class actions, and, if a holding of unconstitutionality were achieved, the court would be forced to apply its decision to those whose convictions had be-

come final prior to the institution of the action.

We cannot accept such a result. The concept of nonretroactivity is a fiction of criminal law, designed to deny relief to persons who would otherwise be entitled thereto except for the fact that their convictions had become final prior to the particular decision held to be nonretroactive. The retroactivity and nonretroactivity concept has gained acceptance in modern day criminal jurisprudence as a valid means by which to govern the determination of the persons to be affected. As Mr. Justice Clark wrote in Linkletter v. Walker, 381 U.S. 618, 628, 85 S.Ct. 1731, 1737, 14 L.Ed.2d 601 (1965), "[T]he accepted rule today is that in appropriate cases the Court may in the interest of justice make the rule prospective." This jurisprudential theory and concept should be nurtured and protected. Permitting those whose convictions have not yet become final to represent a class of persons whose convictions have become ·final would, in effect, destroy or at least seriously impair the entire concept of retroactivity or nonretroactivity.

In reaching our decision we are not unmindful of decisions of other courts to ·the effect that in most situations Rule 23 requires only that there be a question of law or fact common to all members of the class and not that all members be ,identically situated. Broenen v. Beaunit Corporation, 305 F.Supp. 688, 691–692 (E.D.Wis.1969); Washington v. Lee, 263 F.Supp. 327, 330 (M.D.Ala.1966); Polakoff v. Delaware Steeplechase and Race Association, 254 F.Supp. 574, 580 (D.Del.1966); Rosen v. Bergman, 40 F. R.D. 19, 22 (D.C.1966).

■ These plaintiffs have obtained a declaratory adjudication that the challenged statutes are unconstitutional. Those whose convictions became final prior to the institution of this suit may seek to benefit from the declaration of unconstitutionality in such forum and by such procedures as may be appropriate.

In sum, we do not think the appeal presently before us actually presents for determination a true retroactivity question. We therefore affirm the district court's limitation of the application of its decision only to those whose convictions had not become final as of the date of the institution of this action on May 15, 1969.

Affirmed.