Gary Michael RUTLEDGE,
Petitioner-Appellee,

v.

Jerry SUNDERLAND,
Respondent-Appellant.

No. 78–1976.

United States Court of Appeals,
Tenth Circuit.

Submitted July 22, 1980.

Decided Feb. 16, 1982.

Thomas A. Williams, Oklahoma City, Okl., for petitioner-appellee.

John Fischer, II, Asst. Atty. Gen. of Okl., Oklahoma City, Okl. (Jan Eric Cartwright, Atty. Gen. of Okl., Oklahoma City, Okl., was also on the brief), for respondent-appellant.

Before HOLLOWAY, McWILLIAMS and McKAY, Circuit Judges.

HOLLOWAY, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.

App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

Respondent appeals the grant, following remand, of a writ of habeas corpus to the petitioner Rutledge. This case was previously before us as one of those consolidated in *Bromley v. Crisp*, 561 F.2d 1351, 1358–1360 (10th Cir. 1977) (en banc), *cert. denied*, 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 499, which dealt with various problems following our decisions in *Lamb v. Brown*, 456 F.2d 18 (10th Cir.) and *Radcliff v. Anderson*, 509 F.2d 1093 (10th Cir.) (en banc), *cert. denied*, 421 U.S. 939, 95 S.Ct. 1667, 44 L.Ed.2d 95.[1] More recently we applied these principles again in *Crisp v. Mayabb*, 668 F.2d 1127 (10th Cir. 1981).

I

We discussed the relevant facts of petitioner Rutledge's case at some length in *Bromley*. 561 F.2d at 1358–59. For present purposes they may be summarized as follows:

In January 1971, Rutledge, then 17 and represented by counsel, pleaded guilty to two counts of grand larceny. He was prosecuted as an adult without certification for such treatment, under the Oklahoma procedure which we held invalid under the Equal Protection Clause. *See* n.1, *supra*. In 1974 a jury convicted him[2] of unlawful delivery of LSD after former conviction of a felony and he received a sentence of 10 years'

imprisonment, the minimum allowable for such a recidivist conviction. The larceny convictions were used to impeach his credibility during the determination of guilt on the unlawful delivery charge and were also relied on for enhancement of his punishment as a recidivist during the trial's second stage.[3] The recidivist conviction was affirmed on direct appeal. *Rutledge v. State*, 527 P.2d 1373 (Okl.Cr.).

Rutledge unsuccessfully sought post-conviction relief in the State district court, claiming violation of the Equal Protection Clause in the use of the prior invalid convictions to support the later one. He then asserted his constitutional claims in this federal habeas action, where relief was denied by the district court.

On appeal, we rejected the State's claim that Rutledge's 1971 guilty pleas waived earlier defects. We held that since petitioner's constitutional claims had been presented to and ruled on by the State courts, the federal habeas court should have considered these claims on their merits, despite the guilty pleas. However, having concluded that the writs in the *Bromley* cases should not be granted summarily, 561 F.2d at 1356–57, we remanded Rutledge's cause for determination of whether or not certification in the 1971 proceedings would have occurred and thus whether petitioner's equal protection rights were in fact actually violated, and for proper disposition of the habeas petition thereafter. *See Bromley, supra*, 561 F.2d at 1356 n.6.

---

1. *Lamb*, it will be remembered, dealt with claims of unconstitutionality of certain Oklahoma juvenile code provisions and declared them invalid due to a sex-based discriminatory provision allowing male youths 16 and 17 years old to be prosecuted as adults under the State criminal laws while requiring that females of those ages be treated under the juvenile code of Oklahoma unless first certified to stand trial as adults. We held 10 O.S.Supp.1969 § 1101(a) invalid under the Equal Protection Clause due to sex-based discrimination because no adequate basis for the different treatment was shown. In *Radcliff* we considered the question of retroactivity of this equal protection holding and concluded that basic principles of fairness and essential justice required retroactive application of the *Lamb* decision.

2. Our opinion in *Bromley, supra*, 561 F.2d at 1358, referred to this recidivist conviction as a 1973 conviction. However, the state court record shows that this reference was in error and the judgment and sentence for the conviction in question on this appeal were actually rendered on January 25, 1974.

3. Under 22 O.S. § 860, the Oklahoma courts conduct a bifurcated trial for second offenses. In the first phase, no reference is made to prior offenses "except as permitted by the rules of evidence." If the jury finds the defendant guilty, evidence of the alleged former convictions is then presented to the jury, which retires to determine both the fact of former conviction *and* the sentence. Under Oklahoma law, the jury rather than the judge determines the punishment. 22 O.S. § 926.

On remand, the federal district court entered an order withholding judgment for ninety days to permit the State courts to make such a determination with respect to the 1971 convictions. When this period expired without the State courts' having done so the district court, after a motion by Rutledge was made, set the case for non-jury trial. At the hearing, the parties announced ready; the court proceeded to take evidence; but the State also announced "that the District Attorney of Beckham County has elected not to introduce evidence on the issue before the Court." (I R. 123). Accordingly, the district court found that the writ should issue.

In its order the district court vacated the 1974 conviction "for the reason that the convictions relied upon herein for enhancement of punishment, . . . [the 1971 convictions] . . ., are void upon denial of plaintiff's due process of law rights under the United States Constitution," and that the case be remanded "for new trial or other proceedings" not inconsistent with the order or with our opinion in the first appeal. (I R. 123–24). The respondent appeals.

## II

On this appeal the respondent first argues that because of the discharge of Rutledge from custody in October 1978, the issue of whether it was proper to use the earlier convictions to enhance the punishment on the 1974 conviction is moot; that Rutledge fully satisfied the judgment and sentence; and that there can be no collateral consequence to keep the claim of unlawful enhancement of punishment alive from the fact of past punishment alone.

■ We must disagree. The parties agree that before entry of the instant habeas judgment on October 27, 1978, Rutledge had been discharged from custody under the 1974 conviction and sentence on October 7, 1978. The Supreme Court has clearly held that "under the statutory scheme, once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on such application." *Cara-*

*fas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 1559, 20 L.Ed.2d 554. The Court pointed to the remaining consequences of an invalid conviction and to the power granted to dispose of the matter "as law and justice require." 28 U.S.C. § 2243; *Carafas, supra*, 391 U.S. at 237, 239, 88 S.Ct. at 1559, 1560. Thus the instant 1974 conviction's invalidity is not a moot question. *See Carafas*, 391 U.S. at 237, 88 S.Ct. at 1559; *Pennsylvania v. Mimms*, 434 U.S. 106, 108 n.3, 98 S.Ct. 330, 332 n.3, 54 L.Ed.2d 331; *Preiser v. Rodriguez*, 411 U.S. 475, 486 n.7, 93 S.Ct. 1827, 1834 n.7, 36 L.Ed.2d 439; *Baldwin v. Benson*, 584 F.2d 953, 959–60 (10th Cir.); *Cindle v. Page*, 452 F.2d 752, 754 (10th Cir.) (per curiam).

## III

The respondent further argues that it was improper for the district judge on remand to set aside Rutledge's 1974 conviction even though the 1971 convictions were invalid; that there is no precedent for voiding the 1974 conviction where the prior convictions were used only to enhance punishment and not in the determination of guilt; that the prior convictions could not have been used had Rutledge not testified and they "were first introduced by defense counsel on direct examination of Rutledge"; that "[s]uch conduct waives any possible error resulting from the use of these invalid convictions during the substantive part" of the trial; and that Rutledge "cannot complain about a tactical decision made by defense counsel even if it later proves to have been prejudicial." (Brief of the Appellant at 4).

We must disagree. First, it does not appear from the record either that the prior convictions were initially introduced in the 1974 trial by defense counsel on direct examination of the defendant, or that they were used only to enhance punishment under the Oklahoma recidivist statute, as the State contends. They were admitted as bearing on Rutledge's credibility and thus clearly were a factor before the jury in the determination of guilt for the 1974 conviction now in question. The State's argu-

ment thus seems to be that because Rutledge elected to testify in defending himself from a determination of guilt at his 1974 trial, he somehow waived any objection to the use of the invalid 1971 larceny convictions to impeach his credibility—an argument we must reject.

The transcript of the trial reflects that defendant took the stand as his own primary witness and, in addition to giving some general background information about himself, testified that he was not present at a meeting on January 23 or 24, 1973, at which the charged drug violation was alleged to have occurred. (II R.25 at 57–63). On cross-examination the State inquired into Rutledge's schooling and its completion which occurred in one of the State's prisons in Granite, Oklahoma. (II R.25 at 64–5). Defense counsel objected and asked for a mistrial, stating essentially his understanding with the State that the prior convictions were not to have been gone into during phase one of the trial (the determination whether defendant was guilty of the LSD charge, prior to the determination on former convictions and possible enhancement of punishment). (II R.25 at 65–67).[4] The objection was overruled; a brief cautionary instruction was given;[5] and the State continued to inquire about defendant's two prior convictions and his confinement, repeatedly using the word "penitentiary." (II R.25 at 70–72).

On redirect examination defense counsel did then inquire into the existence and nature of the prior convictions, defendant's imprisonment, his subsequent record, and his own rehabilitative efforts. (II R.25 at 73–78). On recross, the State inquired about defendant's rehabilitative efforts, the length of his prison term, and the value of the property involved in the prior larceny convictions. (II R.25 at 78–79). And the court then instructed as to the procedures and ages at which young men and women could have been tried as juveniles or adults in Oklahoma in 1971. (II R.25 at 80).[6]

---

**4.** These objections and various defense motions, including the one for a mistrial, were renewed by counsel at the close of the evidence. (*See* II R.25 at 91–94).

**5.** At the time the evidence of the prior convictions was introduced the court instructed (II R.25 at 71–72):

> Ladies and Gentlemen of the Jury, there has been some questions asked, and this witness has answered that he has been convicted of Grand Larceny. He said of a matter in 1970.
>
> Now, under our law in Oklahoma, *when a witness takes the witness stand it is proper in cross-examination to ask them if they have ever been convicted of a felony before.* That is proper under our procedure.
>
> It used to be a person convicted of a felony, he could not never testify in court. That has been changed.
>
> Now, the sole purpose that is shown to the jury is to determine credibility to be given to this witness's testimony. It is no evidence whatsoever that he is guilty of the offense charged in this case.
>
> But you can't consider prior convictions for that.
>
> *But you can consider prior convictions of a person in determining what credibility to give to their testimony in court, and that applies to any witness that testifies, and that is why this evidence is admissible under the law, and why it has been presented, only for the*

*purpose of credibility of this witness's testimony to you.* (Emphasis added).

The court reiterated the substance of this instruction in its closing charge to the jury (II R.11, No. 4,):

> Certain evidence has been introduced tending to show that the defendant has heretofore been convicted of other and distinct offenses from that charged in the information. This evidence was not admitted as tending to prove the guilt or innocence of the defendant of the specific offense charged in the information in this case, but *should you find from the evidence that such other convictions have been had, you may, in your discretion, consider the same, as such facts may or may not, in your judgment, affect the weight and credit which you will give to the testimony of the defendant, but for no other purpose.* A person may not be convicted of the commission of one offense by any proof tending to show that he may or may not have committed another offense. (Emphasis added).

**6.** The court said:

> I do feel it is my duty to instruct you, the two convictions of Grand Larceny about 1970, and I instructed you about that a while ago.
>
> *I do feel in fairness to everyone concerned to tell you in 1970 and in 1971 it was the law in Oklahoma that a boy 16 years of age could be charged and tried as an adult.* That was the ordinary normal procedure. Girls were at 18.

■ It is clear that the State first sought to introduce the factor of the prior convictions; that it was not defense counsel who first raised the issue; and that despite Rutledge's attempts to ameliorate the introduction of these convictions by discussing the circumstances surrounding and succeeding them, the evidence came in only after Rutledge's plain objections to it. Therefore we reject the State's arguments that use of the invalid convictions played no part in the determination of guilt underlying the 1974 conviction, or that their use resulted from some tactical decision by Rutledge's counsel.

■ While we feel we must make clear the contents of the record and must dismiss the respondent's argument that the invalid convictions played no part in the determination of Rutledge's guilt for the 1974 conviction, we need not ground our disposition on this issue. It is therefore unnecessary to address Rutledge's argument based on *Loper v. Beto*, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374, that use of the invalid 1971 convictions for impeachment purposes alone compels the invalidation of his 1974 conviction. This is because it is clear that the invalid 1971 convictions *were* an essential factor for the 1974 recidivist conviction in question, for the judgment and sentence stating that Rutledge had been found guilty of "UNLAWFUL DELIVERY OF LSD, AFTER FORMER CONVICTION OF A FELONY," (II R. 22), and for the jury's verdict of punishment of 10 years' imprisonment.[7] Hence the 1974 recidivist conviction

and sentence imposed on Rutledge were properly held invalid by the district court under the principles of *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, and similar cases.

As we said in *Radcliff v. Anderson, supra*, 509 F.2d at 1096, and reiterated in *Crisp v. Mayabb, supra*, 668 F.2d at 1130, our reasons for making our holding in *Lamb* retroactive were "[b]asic fairness and essential justice." The Supreme Court observed in *Burgett, supra*, 389 U.S. at 115, 88 S.Ct. at 262, that "the accused in effect suffers anew" if a conviction obtained in violation of *Gideon* is permitted to be used either to support guilt or to enhance punishment for another offense. *Cf. United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (conviction invalid under *Gideon* may not be considered by a court in sentencing the accused for a subsequent offense). In addition to the increased sentence itself,[8] Rutledge suffers anew from use of the invalid 1971 convictions to label him as a recidivist. The 1974 judgment and sentence states that he has been "found guilty of the offense of UNLAWFUL DELIVERY OF LSD, AFTER FORMER CONVICTION OF A FELONY." (II R. 22). On his criminal record such a judgment would be a continuing onus flowing from the invalid 1971 convictions.

We have noted the distinction drawn in *Grandison v. Warden*, 580 F.2d 1231, 1240–41 (4th Cir.), *cert. denied*, 440 U.S. 918, 99 S.Ct. 1239, 59 L.Ed.2d 469, between the

---

Then the legislature has since then changed the law, where as today it is the law in Oklahoma that an offense committed by a person prior to age 18 is handled by a Juvenile Court, and as a juvenile matter.

When a boy or girl becomes 18 they are of legal age, they can be charged and tried as an adult.

I just feel like that statement is proper to clarify the situation in Oklahoma. (Emphasis added).

Thus, with this explanation by the court and its other instructions, the earlier convictions and the fact that Rutledge was tried and convicted as an adult of the earlier larceny offenses were before the jury for its consideration on the issue of Rutledge's credibility, a vital component of the guilt determination.

7. It is not disputed that the prior convictions were used to enhance punishment. (*See, e.g.*, II R.25 at 110–116; Brief of the Appellant at 3).

8. Under the statutes in effect at the time, the penalty for such a first drug offense was 5 to 20 years and a fine of not more than $20,000. Okla.Laws 1971, c. 119, § 2–401(B)(1), 63 O.S. § 2–401(B)(1). Conviction of delivery of LSD after former conviction of a felony brought a sentence of "not less than ten (10) years." Okla.Laws 1968, c. 179, § 1, 21 O.S. § 51(1). The jury gave Rutledge the *minimum* sentence possible—10 years—under the instructions they received when the recidivist verdict was rendered in the second portion of the bifurcated trial.

effect of using convictions invalid under *Gideon,* and thus flawed with error tainting the fact-finding process, and of using convictions contravening the Equal Protection Clause but not affecting the accuracy of the fact-finding process. We are convinced, however, that at least where the unconstitutional former convictions are used as the foundation for a recidivist conviction, a defendant such as Rutledge wrongly "suffers anew," *Burgett,* 389 U.S. at 115, 88 S.Ct. at 262, from the equal protection violation. In our en banc *Radcliff* retroactivity ruling we stated that "[i]ntegrity of the fact-finding process is not determinative. Basic fairness and essential justice demand that these petitioners be treated no differently than the petitioners in Lamb." 509 F.2d at 1096.

Such a wrong contravening the Equal Protection Clause should not be compounded, even if it is perhaps less fundamental than a due process infringement in violation of *Gideon.* While the age-sex discrimination may not appear as egregious, we must keep in mind the factual background here. Here the State defaulted and did not attempt any showing in State or federal court hearings where it was afforded the opportunity to demonstrate that in 1971 Rutledge would have been certified for trial as an adult if the age-sex discrimination had not automatically made him triable as an adult. *See Bromley, supra,* 561 F.2d at 1356 and n.6, 1360. Such a determination that he would have been certified for trial as an adult in his circumstances would have shown in effect that there was no real discriminatory treatment by his being charged and convicted as an adult in the 1971 cases. Since the State made no such showing, we must view the case as one where there *was* an actual equal protection wrong. Rutledge should not "suffer anew" by use of the invalid 1971 felony convictions to convict him as a recidivist, when those earlier judgments would only have been adjudications of delinquency made in juvenile proceedings if a girl had been charged and not certified for trial as an adult.

We are convinced that the district court properly held the 1974 conviction invalid.

## IV

There remains only Rutledge's contention that he should be awarded attorneys' fees because, it is argued, the State's instant appeal is "frivolous and totally without merit." (Brief of Appellee at 11–12).

In general the American rule is that, absent a statute or an enforceable contract providing therefor, litigants pay their own attorneys' fees. *See generally Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 247–63, 95 S.Ct. 1612, 1616–1624, 44 L.Ed.2d 141; 6 *Moore's Federal Practice* ¶ 54.77[2]. Attorneys' fees may be awarded, however, where there is a statutory provision for the award, where the litigation produces a common fund, *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478, 100 S.Ct. 745, 749, 62 L.Ed.2d 676, or where the losing party brought or maintained the action or defense in bad faith, vexatiously, wantonly, or for oppressive reasons, *see F. D. Rich Co., Inc. v. United States ex rel. Industrial Lumber Co., Inc.,* 417 U.S. 116, 129–30, 94 S.Ct. 2157, 2165–2166, 40 L.Ed.2d 703 (*citing* 6 *Moore's Federal Practice* ¶ 54.77[2] at 1709 (2d ed. 1974)).

We find no statutory authority for awarding attorneys' fees in a habeas suit. *See United States ex rel. Thurmond v. Mancusi,* 275 F.Supp. 508, 524 (E.D.N.Y.). Rutledge neither sought nor produced by this litigation any common benefit. *See Stevens v. Municipal Court,* 603 F.2d 111, 112–13 (9th Cir.). Finally, Rutledge has not demonstrated that the State's appeal was taken in bad faith, vexatiously, wantonly, or oppressively. As the court stated in *Americana Industries, Inc. v. Wometco de Puerto Rico, Inc.,* 556 F.2d 625, 628 (1st Cir.):

> Invocation of the bad faith exception to the normal federal rule that attorney's fees may not be recovered requires more than a showing of a weak or legally inadequate case. Doubtless a case can be so frivolous as to reflect impermissible conduct, but we cannot say that the issue is that plain here.

We conclude that petitioner Rutledge is not entitled to be awarded attorneys' fees.

AFFIRMED.