JESSIE GREGORY RAIFORD *v.* STATE
OF MARYLAND

[No. 100, September Term, 1982.]

*Decided July 8, 1983.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

*Arthur A. DeLano, Jr., Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*W. Charles Rogers, III, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

COUCH, J., delivered the opinion of the Court. RODOWSKY, J., concurs and filed a concurring opinion at page 301 *infra.* MURPHY, C. J., and SMITH, J., dissent. SMITH, J., filed a dissenting opinion at page 301 *infra,* in which MURPHY, C. J., concurs.

Having been tried in the Criminal Court of Baltimore and convicted of robbery, Jessie Gregory Raiford (appellant) was sentenced pursuant to Maryland Code (1957, 1976 Repl. Vol., 1980 Cum. Supp.) Art. 27, § 643B (c),[1] to twenty-five years. The Court of Special Appeals affirmed the conviction and sentence in *Raiford v. State,* 52 Md. App. 163, 447 A.2d 496 (1982). We granted Raiford's petition for a writ of certiorari so that we could consider the important constitutional issue here involved. The sole issue before this Court is whether the trial court erred in imposing a mandatory sentence under the provision of Art. 27, § 643B (c). Because we disagree with the Court of Special Appeals, we shall reverse in part and remand for a new sentencing proceeding.

---

1. Md. Code (1957, 1976 Repl. Vol., 1980 Cum. Supp.), Art. 27, § 643B (c) provided:

"*Third conviction of crime of violence.* — Any person who (1) has been convicted on two separate occasions of a crime of violence where the convictions do not arise from a single incident, and (2) has served at least one term of confinement in a correctional

In light of the nature of the issue raised, we find it unnecessary to recite the underlying facts of the crime giving rise to Raiford's conviction. Subsequent to the 1981 robbery conviction, the State sought imposition of a mandatory twenty-five year sentence pursuant to Art. 27, § 643B (c) based upon the following prior convictions:

"1.  Charge: Robbery
    Charging Document Number #4303
    Disposition/date: December 1, 1967
    three years Department of Correction

2.  Charge: Robbery
    Charging Document Number #4304
    Disposition/date: December 1, 1967
    three years Department of Correction

3.  Charge: Rape
    Charging Document #7604
    Disposition/date: June 11, 1970
    twenty years Department of Correction".

At the time of the 1967 convictions, Raiford was seventeen years old and was tried as an adult pursuant to Code (1957, 1966 Repl. Vol.), Art. 26, §§ 51-71, and Art. 4, § 240 (b), of the Charter and Public Local Laws of Baltimore City which exempted Baltimore City from the general statewide juvenile age limit of eighteen. This statutory exception was subsequently held to be "in contravention of the equal protection and due process clauses of the Fourteenth Amendment to the Constitution of the United States. . . ." *See Long v. Robinson,* 316 F.Supp. 22, 30 (D. Md. 1970), *aff'd,* 436 F.2d 1116 (4th Cir. 1971). The District Court further concluded, and the Court of Appeals for the Fourth Circuit affirmed, that "[t]his decision shall apply to all cases not finally decided on May 15, 1969, the date of the filing of [Long's] suit." 316 F.Supp. at 31 (footnote omitted).

---

institution as a result of a conviction of a crime of violence, shall be sentenced, on being convicted a third time of a crime of violence, to imprisonment for the term allowed by law, but, in any event, not less than 25 years. Neither the sentence nor any part of it may be suspended, and the person shall not be eligible for parole except in accordance with the provisions of Article 31B, § 11."

Subsequently, in *Woodall v. Pettibone,* 465 F.2d 49, 52 (4th Cir. 1972), *cert. denied,* 413 U.S. 922, 93 S.Ct. 3054, 37 L.Ed.2d 1044 (1973), the Fourth Circuit held that *Long v. Robinson* should be applied *retroactively,* stating in pertinent part:

> "We think the question of retroactivity is controlled by our decision in *Kemplen v. State of Maryland,* 428 F.2d 169 (4th Cir. 1970). It is true, as the state contends, that the unconstitutional treatment of petitioners does not relate to the accuracy of the fact finding function of the judicial process. But as we said in *Kemplen,* the normal waiver proceeding is a critical point in the criminal proceedings against a juvenile. It is 'the only opportunity an accused has to plead the defense of his diminished responsibility as a juvenile.' *Kemplen,* at 177. To deny juveniles in Baltimore the opportunity of such a defense and to allow it to all other juveniles in Maryland seems to us so fundamentally unfair as to impeach the validity of the 'adult' proceedings and render unreliable the guilty verdicts obtained in these proceedings. We hold, therefore, that *Long v. Robinson,* 436 F.2d 1116 (4th Cir. 1971), is to be retroactively applied." (Footnote omitted).

In *Wiggins v. State,* 275 Md. 689, 344 A.2d 80 (1975), this Court rejected *Woodall v. Pettibone* and declined to apply *Long v. Robinson* retroactively. Wiggins had been indicted and convicted of a series of burglaries which occurred in 1960. Although he was under age 16 at the time of two of the incidents, he was tried as an adult offender in the Criminal Court of Baltimore pursuant to a waiver order. Wiggins was then incarcerated as an adult felon. Subsequently, he filed a bill of complaint asking that his convictions be declared null and that the records of said convictions be expunged. The circuit court ruled against Wiggins, as did the Court of Special Appeals, *Wiggins v. State,* 22 Md. App. 291, 324 A.2d 172 (1974), and this Court. We concluded that "the purpose

of the *Long* [*v. Robinson*] rule was to ensure that thenceforth all individuals in Maryland under the age of 18 years would be dealt with on the same basis, regardless of the geographical location of their alleged violations of the criminal law of the State." 275 Md. at 710-11, 344 A.2d at 92. Relying on *Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), we reasoned that inasmuch as the ruling of *Long v. Robinson* did not affect the integrity of the fact-finding process, there was no constitutional reason for retroactive application. Writing for the majority of the Court, Judge Smith stated in relevant part:

"As we have indicated, the Fourth Circuit in *Woodall* concluded that conviction of an individual such as Wiggins under our prior procedure is 'so fundamentally unfair as to impeach the validity of the "adult" proceedings and render unreliable the guilty verdicts obtained in th[o]se proceedings.' We see it somewhat differently. The waiver hearing is not intended as an opportunity for a juvenile 'to plead a defense of his diminished responsibility,' but to afford an opportunity for a judge to determine the fitness of the juvenile for rehabilitative measures giving due consideration to the safety of the public and applying the factors noted in Code (1974) § 3-816(c) of the Courts and Judicial Proceedings Article. The waiver proceeding is in no way concerned with the ultimate fact-finding determination of whether the accused did or did not commit the act he is said to have committed. The fact that there has been no waiver is not a matter for consideration in the juvenile proceeding in determining whether the child committed the act in question and thus is delinquent. Likewise, in a trial under adult procedures the fact of waiver is not an element for consideration in determining guilt or innocence. The same evidence presented in a juvenile proceeding or in a regular criminal trial should lead to the same conclusion, although, as we

shall point out, at the time of Wiggins' trials his rights might have been more jealously guarded constitutionally in a regular criminal trial than in a trial under juvenile procedure. The basic difference, however, between trial as an adult and trial as a juvenile lies not in the fact-finding processes, but in the procedures looking to rehabilitation after a determination that an individual did in fact commit acts which were violations of the criminal statutes of this State." 275 Md. at 708-09, 344 A.2d at 91.

Raiford contends "that although his 1967 robbery conviction was finally decided prior to the effective date of *Long v. Robinson,* it should nonetheless not be considered as a valid prior conviction under Article 27, § 643B." To hold otherwise, he argues, would effectively deny his right to equal protection under the Fourteenth Amendment of the United States Constitution. Had Raiford been tried as a juvenile in 1967, he would not have an adult conviction for purposes of the recidivist statute.[2]

The State, on the other hand, argues that "if a conviction is valid, it is valid for all purposes, including use as a prior conviction for purposes of the mandatory sentencing act." Furthermore, the State contends that Raiford is being punished only for his most recent crime and not for his 1967 conviction.

Relying on *Wiggins v. State, supra,* the Court of Special Appeals stated:

"In rejecting summarily the broad relief requested by Wiggins, the Court, it seems to us, made a clear statement that *Long* is to have absolutely no effect upon either the prior convictions themselves or upon collateral

---

2. Pursuant to Code (1974, 1980 Repl. Vol.), Courts and Judicial Proceedings Article, § 3-824(a), adjudication of a juvenile cause "is not a criminal conviction for any purpose and does not impose any of the civil disabilities ordinarily imposed by a criminal conviction."

consequences (such as the application of recidivist statutes) flowing from them." 52 Md. App. at 167, 447 A.2d at 498.

The intermediate appellate court then proceeded to discuss "somewhat analogous" federal cases decided subsequent to *Long*[3] and concluded:

"If these convictions, valid when entered, are *not* subject to expungement, *do* subject the defendant to 'legal disabilities as a result of [them],' and *may* be used for impeachment purposes, we see no reason why they should be regarded as less than valid and viable convictions for purposes of the mandatory sentence provisions of art. 27, § 643B (c)." 52 Md. App. at 169, 447 A.2d at 499 (emphasis in original).

Although this Court is not bound by the federal court decisions on this matter, we find such authority to be instructive and persuasive. While there is conflicting authority regarding whether or not invalid prior convictions may be used in some instances for impeachment purposes,[4] it is well established that they may not be used to enhance punishment. For example, in *Grandison v. Warden, Maryland House of Correction,* 580 F.2d 1231 (4th Cir. 1978), *cert. denied,* 440 U.S. 918, 99 S.Ct. 1239, 59 L.Ed.2d 469 (1979), the United States Court of Appeals denied the petitioner's writ of habeas corpus and held that his due process rights were not violated by use of invalid prior convictions for impeachment purposes since the fact-finding process was not impugned. However, that court remanded

---

3. *See* Grandison v. Warden, Maryland House of Correction, 580 F.2d 1231, 1241 (4th Cir. 1978), *cert. denied,* 440 U.S. 918, 99 S.Ct. 1239, 59 L.Ed.2d 469 (1979); Douglas v. Warden, Maryland Penitentiary, 399 F.Supp. 1 (D. Md. 1975) (where fact-finding process not impugned, use of allegedly void convictions for impeachment purposes *did not constitute* error).

4. For cases holding that invalid prior convictions may be used for impeachment, *see* United States v. Penta, 475 F.2d 92 (1st Cir. 1973), *cert. denied,* 414 U.S. 870, 94 S.Ct. 89, 38 L.Ed.2d 88 (1973); Douglas v. Warden, Maryland Penitentiary, 399 F.Supp. 1 (D. Md. 1975). *Cf.* Loper v. Beto, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972) (use of prior invalid convictions for impeachment purposes constitutes deprivation of due process; prior invalid convictions based on denial of counsel).

the case to afford the state sentencing judge the opportunity to file a certificate to establish that the sentence imposed was not influenced by the allegedly invalid prior convictions. *See also Strader v. Troy,* 571 F.2d 1263, 1267 (4th Cir. 1978) (judge must be able to say without qualification that the sentence was uninfluenced by the allegedly invalid prior convictions); *Stepheny v. United States,* 516 F.2d 7, 8 (4th Cir. 1975) (per curiam) (en banc) (court should first consider whether sentence was appropriate discounting allegedly invalid prior convictions; if not, court must then determine whether prior convictions invalid). *Accord United States v. Tucker,* 404 U.S. 443, 449, 92 S.Ct. 589, 593, 30 L.Ed.2d 592, 597 (1972) (prior convictions obtained in violation of *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) may not be considered in sentencing); *Burgett v. Texas,* 389 U.S. 109, 115, 88 S.Ct. 258, 262, 19 L.Ed.2d 319, 324-25 (1967) (convictions obtained in violation of *Gideon v. Wainwright* may not be used to enhance punishment or for impeachment purposes); *Rutledge v. Sunderland,* 671 F.2d 377, 381 (10th Cir. 1982) (conviction under statute subsequently held to be violative of equal protection may not be used to enhance punishment under a recidivist statute); *Lawary v. United States,* 599 F.2d 218, 227 (7th Cir. 1979) (per curiam) (resentencing not required where record supports disclaimer of sentencing judge of reliance on invalid prior convictions); *Beto v. Stacks,* 408 F.2d 313, 318 (5th Cir. 1969) (prior conviction declared invalid as violative of fourth amendment may not be used to enhance punishment under recidivist statute). Moreover, we are persuaded by the reasoning of the courts of Oklahoma and the Tenth Circuit in an analogous situation. In *Lamb v. Brown,* 456 F.2d 18 (10th Cir. 1972), the Tenth Circuit Court of Appeals held that an Oklahoma statute which defined the term "delinquent child" as a male under the age of 16 years and a female under 18 years was an unconstitutional denial of equal protection. Subsequently, the Tenth Circuit held that the principles of "basic fairness" and "essential justice" required that *Lamb* be applied retroactively. *See Radcliff v. Anderson,* 509 F.2d 1093, 1096 (10th Cir. 1974), *cert. denied,*

421 U.S. 939, 95 S.Ct. 1667, 44 L.Ed.2d 95 (1975). However, in *Dean v. Crisp,* 536 P.2d 961 (1975), the Court of Criminal Appeals of Oklahoma held that *Radcliff* was not binding on the courts of the State of Oklahoma. The Court of Criminal Appeals agreed that the statute in question was unconstitutional, but found that the last constitutional statute was that of 1931 which defined "delinquent child" as one under the age of 16 years. *Id.* at 964. The Court then concluded that because the defendant in *Dean* was older than 16 years at the time of his convictions, certification as an adult was unnecessary.

Four years later, however, in *Edwards v. State,* 591 P.2d 313 (1979), the Court of Criminal Appeals of Oklahoma overruled *Dean,* stating in pertinent part:

"The inherent weakness in the majority approach in *Dean* is that it ignores the fact that during the period in question boys between the ages of sixteen and eighteen years did receive different treatment from that given to girls of the same age. Even if the position of *Dean* is adopted that boys received only the treatment to which they were entitled, then one must also accept the necessary corollary that the girls were given better treatment than that to which they were entitled. It is unavoidably true that there was unconstitutional discrimination and denial of equal protection." 591 P.2d at 317.

The Court of Criminal Appeals went on to explain:

"Certification of a juvenile is not a constitutional right, but equal protection of the law is; and because girls between the ages of sixteen and eighteen years of age were treated as children, it can be said that the boys of the same age had a constitutional right to also be treated as children. Gender-based differential statutes infringe upon the fundamental right to liberty because they involve not only the possibility of incarceration but concern the severity and length of commitment as

well. Statutory classifications which distinguish between males and females are subject to scrutiny under the equal protection clause. Juvenile statutes which are sexually discriminatory are violative of the equal protection clause of the Fourteenth Amendment because they are unreasonable, arbitrary and provide no rational basis for effecting the statutory legislative purpose." *Id.* at 317-18 (footnotes omitted).

The same observation can be made regarding juvenile statutes that differentiate on the basis of geographical location. Clearly, there was no rational basis for such differentiation in Maryland. *See Long v. Robinson, supra,* 316 F. Supp. at 28. Moreover, as stated in *Edwards, supra:*

"In this case, the truth-finding function is not the only issue. There are differences between the adult and juvenile processes which make the question more than one of appropriateness. A juvenile convicted in an adult court may suffer loss of civil rights, disqualification from public employment, and the conviction may be utilized against him in later court actions. A juvenile who is proceeded against as an adult and is convicted will have a criminal record for the rest of his life, while a person who is proceeded against as a juvenile and is adjudicated delinquent will not. In addition, there are great differences in treatment after conviction and adjudication." 591 P.2d at 318.

Having concluded that *Lamb* was to be applied retroactively, the Court of Criminal Appeals in *Edwards* then addressed the issue of appropriate relief to be granted. Recognizing that under the applicable certification statute, the district court had no jurisdiction over a juvenile absent a certification proceeding, the Court held that:

"If the State can establish that the appellant would have been certified had a certification

hearing been held, then his application for post-conviction relief should be denied. If the State cannot carry its burden of proof, then post-conviction relief should be granted and the appellant's convictions should be vacated." *Id.* at 322 (footnote omitted).

However, the Court pointed out that:

"A different situation will exist, however, for those persons who are challenging not invalid convictions, but those in which the punishment was enhanced as a result of prior invalid convictions. Such a person is not entitled to an immediate vacation of the conviction. Nevertheless, he might be entitled to relief in the form of modification of the sentence." *Ibid.*

We agree with Raiford that to allow the 1967 convictions to be used to enhance his punishment under the recidivist statute constitutes a present deprivation of equal protection. As Judge Eldridge pointed out in his dissenting opinion in *Wiggins:*

"Although the majority opinion in the present case compares the procedural rights applicable in a criminal trial with those applicable in juvenile proceedings, this is simply irrelevant. *Long v. Robinson* was not concerned with procedural rights during a trial, but with the unconstitutionality of subjecting certain youths to criminal proceedings and criminal punishment at the same time that other youths of the same age, committing the same acts, were not subject to prosecution and punishment as criminals. If the ruling in *Long v. Robinson* were applied to petitioner, he would not have initially been subject to a criminal trial and to punishment in a Department of Correction institution. Instead, he would have been treated as a juvenile in proceedings which, as this Court has

stated repeatedly, are not criminal and the 'dispositions are not punishment for crime.' *In re Johnson,* 254 Md. 517, 523, 255 A.2d 419 (1969). And *see In Matter of Cromwell,* 232 Md. 409, 415, 194 A.2d 88 (1963)." 275 Md. at 737, 344 A.2d at 106-07 (footnote omitted).

We believe that "basic fairness and essential justice" compel the application of *Long v. Robinson* within the context of use for purposes of enhanced punishment. As the Supreme Court observed in *Burgett v. Texas,* 389 U.S. 109, 115, 88 S.Ct. 258, 262, 19 L.Ed.2d 319, 324-25 (1967),

> "To permit a conviction obtained in violation of *Gideon v. Wainwright* [, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963),] to be used against a person either to support guilt or enhance punishment for another offense (see *Greer v. Beto,* 384 U.S. 269, 86 S.Ct. 1477, 16 L.Ed.2d 526) is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right."

In the instant case, as in *Burgett,* to allow Raiford's 1967 convictions to enhance his punishment would cause him to "suffer anew" from the previous denial of his right to equal protection. We cannot allow such fundamental unfairness and, accordingly, hold that Raiford's 1967 convictions cannot be used to enhance his punishment under the recidivist statute or otherwise. We hasten to point out, however, that Raiford has not requested that this Court declare his 1967 convictions a nullity and expunge all records of such convictions and thus we decline to take such drastic measures. In this regard, the instant matter is clearly distinguishable from *Wiggins.* We also note that the issue of whether or not allegedly invalid prior convictions may be used for impeachment purposes is not before us in the case *sub judice* and, therefore, we decline to address that issue at this time.

Accordingly, we hold that the use of Raiford's 1967 convictions to enhance his punishment for his 1981 robbery conviction constitutes an unconstitutional deprivation of his right to equal protection. We shall, therefore, affirm in part and reverse in part the decision of the Court of Special Appeals and remand the case to that court with instructions to affirm in part and reverse in part the judgment of the Criminal Court of Baltimore and remand for a new sentencing consistent with this opinion.

> *Judgment of the Court of Special Appeals affirmed in part and reversed in part; case remanded to that Court with instructions to affirm in part and reverse in part the judgment of the Criminal Court of Baltimore and remand for new sentencing proceeding consistent with this opinion.*
>
> *Costs to be paid by Mayor and City Council of Baltimore.*

*Rodowsky, J., concurring:*

The only issue here is whether, under the facts of this case, application of Art. 27, § 643B (c) to Raiford violates equal protection. No enhanced punishment under § 643B (c) could have been imposed upon a person, otherwise identically situate to Raiford in all respects, whose 1967 criminal conduct in Maryland occurred outside of Baltimore City. *Long v. Robinson,* 436 F.2d 1116 (4th Cir. 1971) is persuasive authority for the application of the principle applied there to the disparity in the instant case. I understand this Court to be holding no more than that.

*Smith, J., dissenting:*

For the reasons so clearly expressed by Judge Wilner for the Court of Special Appeals in *Raiford v. State,* 52 Md. App. 163, 166-69, 447 A.2d 496 (1982), I would not remand this case for any new sentencing proceeding.

302

I am authorized to state that Chief Judge Murphy concurs in the views here expressed.