**Richard Lee BALL, Petitioner-Appellee,**

v.

**James G. RICKETTS, Executive Director, Colorado Department of Correction, Canon City, Colorado, Respondent-Appellant.**

No. 83–2662.

United States Court of Appeals, Tenth Circuit.

Dec. 16, 1985.

Maureen Phelan, Asst. Atty. Gen. (Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., with her on the brief), Denver, Colo., for respondent-appellant.

James England, University of Colo., Boulder, Colo., for petitioner-appellee.

Before McKAY and LOGAN, Circuit Judges, and RUSSELL, District Judge.*

LOGAN, Circuit Judge.

The State of Colorado appeals from the district court's grant of a writ of habeas corpus setting aside petitioner Richard Lee Ball's conviction as a habitual criminal. Ball was sentenced to life in prison under Colorado's habitual criminal statute, which requires such a sentence for persons convicted of a felony who already have three previous felony convictions. See Colo.Rev. Stat. § 16–13–101(2). At Ball's trial on the habitual criminal charge, the state presented evidence of four prior felonies; the jury found that Ball had committed three of them including a burglary to which he pleaded guilty in 1957 in Colorado state court.

Ball was sixteen years old at the time he entered that 1957 plea, although he told that court he was seventeen. He had no lawyer, having declined the court's offer to appoint counsel. He also told the court that his parents knew he was in jail; this may not have been true. Based on these circumstances, the transcript of the exchange between Ball and the Colorado trial judge who took his 1957 plea, and Ball's current testimony that he did not understand the charges and the court procedures at the time he pleaded guilty, Ball contends his conviction was invalid. He asserts that his guilty plea was involuntary and his waiver of counsel ineffective.

■ It is important to emphasize the limited scope of federal court review here. In *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981), and 455 U.S.

* Honorable David L. Russell, United States District Judge for the District of Oklahoma, sitting by designation.

591, 102 S.Ct. 1303, 71 L.Ed.2d 480 (1982), the Supreme Court clearly intended to give substance to 28 U.S.C. § 2254(d)'s command that a federal habeas court presume a state court's determination made after a hearing on the merits of a factual issue to be correct, unless the petitioner meets one of the narrow exceptions provided in the statute. The magistrate in this case considered *Mata* inapplicable because he found that "all of the state court opinions fail to enter any findings as to the critical factual issues." R. I, 23. This statement is incorrect. The Colorado state district court, in the 1980 postconviction proceeding in which petitioner sought to attack this conviction collaterally, held an evidentiary hearing during which it heard testimony from Ball. After that hearing it made factual findings, ruling that petitioner: (1) understood what was going on in the court at the time he entered a plea of guilty; (2) understood the nature of the burglary charge even though the elements of burglary were not explained to him; and (3) understood the consequences of his plea. R. IIB, ¶ 242–44. These state court findings are no less viable because they were delivered from the bench and transcribed rather than issued in written opinion form. *See Wainwright v. Witt*, —— U.S. ——, ——, 105 S.Ct. 844, 851, 83 L.Ed.2d 841 (U.S.1985). The Colorado appellate court affirmed these findings and found that petitioner was competent to waive his right to counsel, had effectively waived that right, and had not pleaded guilty involuntarily. R. I, 5–7.

Both sets of findings contain elements of pure legal questions of federal constitutional law, which we may reconsider freely, *see Marshall v. Lonberger*, 459 U.S. 422, 431, 103 S.Ct. 843, 849, 74 L.Ed.2d 646 (1983); *Mata*, 455 U.S. at 597 & n. 10, 102 S.Ct. at 1307 & n. 10, and underlying questions of historical fact and inferences therefrom, which we must accept as true unless one of § 2254(d)'s exceptions applies, *Lonberger*, 459 U.S. at 431–32, 103 S.Ct. at 849–50. *See generally Chaney v. Brown*, 730 F.2d 1334, 1346 (10th Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 601, 83 L.Ed.2d 710 (U.S. 1984).

The ultimate constitutional questions raised in this appeal are whether Ball's rights to procedural due process as a juvenile were satisfied, whether his waiver of counsel was effective, and whether his guilty plea was voluntary. The legal standards applied to these questions are not subject to § 2254(d). *See, e.g., Lonberger*, 459 U.S. at 431, 103 S.Ct. at 849; *Brewer v. Williams*, 430 U.S. 387, 403, 97 S.Ct. 1232, 1241, 51 L.Ed.2d 424 (1977). Therefore the federal habeas court must independently evaluate the constitutional standards the state courts applied to ascertain whether they were correct, and then apply the correct standards to the factual findings of the state court. *Cf. Mata*, 455 U.S. at 597, 10 S.Ct. at 1306 (describing this process of review for a challenge of improper pretrial photographic identification). This process of limited review may not be ignored, even though it requires some distinctions not amenable to abstract description.

Were it not for Ball's age at the time of the disputed guilty plea we would have little trouble finding that the state court's determinations must be upheld. But special procedural protections are constitutionally required when children are charged with criminal offenses. Nothing in the record in this case indicates that state or local officials contacted Ball's parents to tell them their son was in jail or to inform them of his arraignment hearing. Ball testified, twenty-three years later, that he had not informed his parents of his arrest because of his fear of their anger and the costs they would incur. R IIB, ¶ 207–09, 214. We realize that Ball told the state court judge conducting his arraignment that his parents knew he was in jail; but he also told the judge that they were taking no steps to get him out or to obtain an attorney for him. *See* R. IIC, 6–7. Ball also told the judge he was seventeen, when he was actually only sixteen; nevertheless, the judge still considered him a minor. *Id.* at 4. The state judge made special efforts to help petitioner understand his rights, and we understand, given the state of the law in 1957, how the state court failed to

take further precautions to protect the juvenile's interests.

■ Nevertheless, in *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), the Supreme Court held that due process requires notice in writing to a juvenile "and his parents" of the specific charge at the earliest practicable time and in any event in advance of the initial hearing. *Id.* at 33, 87 S.Ct. at 1446. *Gault* also requires giving the child and his parents notice of the juvenile's right to counsel. *Id.* at 41,[1] 87 S.Ct. at 1451. The rights recognized in *Gault* have been applied retroactively in a variety of settings because they affect the integrity of the truth-finding process. *See Heryford v. Parker,* 396 F.2d 393, 396–97 (10th Cir.1968) (juvenile's right to counsel in involuntary commitment proceeding applied retroactively); *see also United States v. Slipka,* 735 F.2d 1064, 1066 (8th Cir.1984) (juvenile's right to counsel in juvenile delinquency adjudications applied retroactively); *Kemplen v. Maryland,* 428 F.2d 169, 175–77 (4th Cir.1970) (juvenile's right to counsel and notice in juvenile jurisdiction waiver proceeding applied retroactively). We hold that the right of parents to receive adequate notice is one of the rights that should be extended retroactively to cases such as the one before us.

■ Consequently, despite the deference we owe to the state courts' factual findings at the 1980 hearing and the appeal therefrom, we conclude that they applied an incorrect standard of federal law to the facts before them. The lack of notice to Ball's parents is a sufficient ground to vacate the 1957 guilty plea. Once the Colorado courts had ascertained in 1980 that Ball's parents were never contacted, they should have set aside the conviction. In view of the rule in *Gault,* it was not enough for the state court conducting the 1957 arraignment to have asked petitioner whether his parents knew he was in jail and whether they were taking steps to get him out or to get him an attorney, and to have accepted his answer as true. Had officials notified Ball's parents of his arrest, it seems likely the parents would have taken some action to assist him. Thus, the lack of such notice here may well have affected the ultimate outcome of the case. We are not under any illusions that Ball was as unknowledgeable as the juvenile whose guilty plea was held to be involuntary in *Rinehart v. Brewer,* 561 F.2d 126, 130–31 (8th Cir.1977). Nor do we fault the state for failing in 1957 to apply a rule that did not yet exist. But the rights to parental notice that *Gault* created are not waivable by a juvenile offender.[2]

AFFIRMED.

1. The right of parents to notice of their child's arrest was codified in Colorado after *Gault. See* Colo.Rev.Stat. § 19–2–102(1); *see also* 18 U.S.C. § 5033 (analogous duty of federal officials to notify parents).

2. Although Ball's counsel has not specifically focused his legal arguments to either the federal or the state courts on the specific right to parental notice, we nevertheless consider this claim to have been fairly presented to the state courts. Therefore further exhaustion of state remedies is not appropriate. *Gault* was cited by both Ball and the State of Colorado in their briefs throughout the postconviction proceedings. It also is cited in the Colorado Court of Appeals decision denying relief.