67 F.3d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Peter Paul MARTINEZ, Petitioner-Appellant,
v.
Aristedes W. ZAVARAS and Gale Norton, Respondents-Appellees.
 No. 95-1103.
 United States Court of Appeals, Tenth Circuit.
 Sept. 27, 1995.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 Peter Paul Martinez appeals pro se the district court's dismissal of his habeas petition. Mr. Martinez argues that the government breached the terms of his plea agreement. In addition, Mr. Martinez challenges the admission of evidence obtained during a search he alleges to have been unconstitutional. The government did not breach the agreement, and the search argument was not raised below. We therefore affirm the properly appealed ruling and decline to consider the new issue.
 
 BACKGROUND
 
 3
 Mr. Martinez was involved in a drug trafficking conspiracy that transported cocaine from California to Colorado. On March 28, 1989, Mr. Martinez participated in the sale of three ounces of cocaine to Drug Enforcement Administration agent Jay Erickson in Colorado Springs. Agent Erickson and other DEA agents followed Mr. Martinez's movements until May, when they suspected that he would be transporting cocaine on a commercial flight from Los Angeles to the Colorado Springs Airport. The Colorado Springs police obtained a warrant and arrested Mr. Martinez as he left the airport with his girlfriend and one piece of luggage. The police took Mr. Martinez to the station, where a drug sniffing dog alerted on the luggage. Mr. Martinez was then read his Miranda rights and consented to give a history of his involvement with the drug ring.
 
 
 4
 Mr. Martinez agreed to cooperate with the police by becoming an informant. With the assistance of counsel, he executed an agreement with the DEA, the Colorado Springs police, and the county district attorney whereby he would assist Agent Erickson in developing cases. In return, the agreement provided that if Martinez's life were endangered so as to require relocation by the DEA, the district attorney would not seek jail time.
 
 
 5
 Mr. Martinez subsequently made several unavailing attempts to purchase drugs pursuant to the agreement. He contends that on his first attempt to do so, he was assaulted and beaten in a bar by four men armed with pool cues, who accused him of being a police informant and threatened him with death. He further contends that one month later, DEA agents warned him by telephone that men were coming to kill him. He asserts that immediately after hanging up the telephone, he was confronted in his front yard by two armed men, who were deterred from attacking him by his guard dog and who left only when Mr. Martinez's brother-in-law drove up. Mr. Martinez states that he then informed the DEA, on the advice of his attorney, that he would no longer act as an informant. Some weeks after his conversation with the DEA, he was rearrested on charges stemming from his past drug trafficking activity.
 
 
 6
 Mr. Martinez was then tried and convicted in state court on various drug and conspiracy charges. He appealed his conviction in state court, People v. Martinez, No. 90CA1832 (Colo.Ct.App. July 23, 1992), and lost. He then filed the present habeas petition, contending that the trial court's refusal to order specific performance on the agreement with the police violated due process, and that his confession at the time of arrest was coerced. The court dismissed the petition at the recommendation of a magistrate judge, and the present appeal follows.
 
 DISCUSSION
 I.
 
 7
 Mr. Martinez's first argument on appeal is that the state breached its agreement when it sought to impose jail time after Mr. Martinez's life had been endangered. The state responds that Mr. Martinez's life was not so endangered as to require relocation by the DEA.
 
 
 8
 Cooperation agreements, like plea agreements, are to be construed in light of what the defendant reasonably understood when the agreement was executed. United States v. Pinter, 971 F.2d 554, 557 (10th Cir.1992), cert. denied, 114 S.Ct. 273 (1993). In addition, such agreements must be fair and must ensure that the defendant receives what is reasonably due in the circumstances. United States v. Calabrese, 645 F.2d 1379, 1390 (10th Cir.), cert. denied 451 U.S. 1018 (1981). In this case, the agreement was fundamentally fair, and the terms of the agreement were unambiguous. The state's duty not to seek jail time became enforceable not when Mr. Martinez was threatened in any way whatsover (nor, as the government appears to argue, whenever Mr. Martinez was actually relocated), but rather when the danger became so great as to require relocation by the DEA.
 
 
 9
 At the conclusion of the pretrial hearing the state court orally found that Mr. Martinez had been threatened, but it made no explicit finding as to whether the threats were sufficient to trigger a duty to relocate Mr. Martinez. However, it is safe to assume, both from the testimony presented and from the court's ultimate denial of the defendant's motion, that the court found them insufficient. The magistrate judge in turn based his recommendation on the state court's implicit finding.[2]
 
 
 10
 We find no error in the magistrate judge's recommendation. A state court's findings of fact are presumed to be correct in the absence of any reason to believe that the petitioner did not receive a full and fair hearing. 28 U.S.C. 2254(d); see Ball v. Ricketts, 779 F.2d 578, 580 (10th Cir.1985) (holding that the presumption applies to transcripts of oral findings). In the absence of explicit findings, the presumption still applies if it may be determined conclusively that the state court rejected petitioner's factual allegations, not his legal theories. Wainwright v. Will, 469 U.S. 412, 429-30 (1985). In this case Mr. Martinez does not suggest, and there is no reason to believe, that his allegations of endangerment did not receive a full and fair hearing, and the issue was one of fact. The presumption therefore applies.
 
 
 11
 Morever, the record amply supports the state court's implicit finding. During the pretrial hearing on the issue, Agent Erickson testified that his understanding of the requirement for relocation was that there be a "valid threat to this person's safety or his family's safety which can be susbstantiated [sic]," Trial Transcript vol. I, at 45, and stated that he never found relocation necessary. Id. at 46. He testified further that Mr. Martinez still lived at the residence where he received the threats, and that the men who allegedly threatened Mr. Martinez knew where he lived. Id. at 42-43. This testimony was never controverted.
 
 
 12
 In light of the record, we find no error in the magistrate judge's recommendation. Although his short and inglorious career as an informant produced threats to Mr. Martinez from some of his former colleagues in the drug trade, the evidence at trial suggests that the level of actual danger never became substantial. Nor is there any evidence that Mr. Martinez himself ever requested relocation from Agent Erickson or any other DEA official. We therefore agree that the threats did not rise to a level that would require relocation by the DEA.
 
 II.
 
 13
 Mr. Martinez next attacks the state court's refusal to suppress evidence taken after he was arrested as he returned from the Colorado Springs airport. Specifically, he alleges that he was arrested without a warrant or probable cause, that his luggage was illegally seized and searched, and that he was coerced into signing a search consent form that ostensibly covered his residence and vehicle but actually covered the luggage.
 
 
 14
 We will not reach the merits of these contentions because Mr. Martinez did not present them to the district court in his original habeas petition. Instead, the petition listed two grounds for relief: breach of the cooperation agreement and use of a coerced confession.[3] Although we must construe a pro se petition liberally, we cannot waive fundamental rules of appellate procedure on the petitioner's behalf.
 
 
 15
 The order of the district court dismissing the petition is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 Mr. Martinez also contends that the district court used the wrong legal standard in ruling on this issue. However, this argument merely repeats his factual contentions
 
 
 [3]
 Mr. Martinez did not appeal the district court's ruling on the confession issue. Both the coerced-confession argument and the consent-to-search argument arise out of the same transaction--his arrest and questioning by the police after leaving the airport--and both are generally supported by some of the same factual allegations. Nonetheless, they are discrete arguments for which the criteria of reviewability must be separately satisfied. In addition, we note in passing that the consent-to-search argument invoke the Fourth Amendment's exclusionary rule. Thus, even if he had properly raised and appealed it, Mr. Martinez could not prevail on that argument in a habeas proceeding. Stone v. Powell, 428 U.S. 465, 494 (1976)